**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| ATAIN SPECIALTY INSURANCE COMPANY,<br><br>Plaintiff(s),<br><br>-vs-<br><br>A&A CONSTRUCTION; BROTHERS ALL ROOFING; BENITO O ROOFING; C&A CONSTRUCTION COMPANY; BLUE RIBBON ROOFING AND SIDING; BEL AIR AT WEST ORANGE CONDOMINIUM ASSOCIATION, INC; M&M AT WEST ORANGE, LLC; JOHN MOORZITZ; DAVID FISHER; RICHARD PINTER; GUY KOVITCH; CHARLES LOOMAN; THOMAS J. BRENNAN ARCHITECTS, INC; MINNO & WASKO ARCHITECTS & PLANNERS; ANCHOR WOOD FRAMING CORP; BARRETT DRYWALL, LLC; CLE WORTH & SON, INC; J. VAN HOUTEN ELECTRIC, INC; F&C PROFESSIONAL ALUMINUM RAILINGS CORP; CLEMS ORNAMENTAL IRONWORKS; AA&B BUILDERS; BRAZIL JAG CONSTRUCTION; D&B CONSTRUCTION d/b/a BRIAN RATTI; FRIAR HOME, INC; ISLAND VINYL SIDING; LUNAS CONSTRUCTION; AA& B BUILDERS; TEIXEIRA SIDING, INC; CALDERON CONSTRUCTION; EXTERIOR SOLUTIONS; CERTAINTEED CORPORATION; CARFER CONSTRUCTION, INC; P.M.Z. LANDSCAPING;LAWNS BY YORKSHIRE;ARMINO'S LANDSCAPE MAINTENANCE; EAST COAST FIREPLACE; C ROJAS CONSTRUCTION; MARCIAL SIDING INC; HILLSIDE CONSTRUCTION CO, INC; RIGGI PAVING, INC; VICTORIA SIDING AND ROOFING;  ALPHA CONCEPTS; TRC ENGINEERS, INC; CEC CIVIL ENGINEERING CORPORATION; K. HOVNANIAN COMPANIES, LLC; K. HOVNANIAN ENTERPRISES, INC.; SPIDER CONSTRUCTION; METROCORP PLUMBING, INC; WILSON CONSTRUCTION; LENAHAN ACQUISITION GROUP, LLC; IDROVO GENERAL CONSTRUCTION, LLC; LUNA CONSTRUCTION, LLC; C&C CONTRACTOR CO, LLC; ARMINIO'S LANDSCAPE MAINTENANCE; J.A. NEARY EXCAVATING CORP; HUERTAS ROOFING & SIDING; NOYOLA CONSTRUCTION; EAST COAST INSTALLATION d/b/a EAST COAST FIREPLACE; EAST COAST TRAFFIC MARKING, INC; D&K GYPSUM FLOOR, INC; EASTERN ALUMINUM LLC, d/b/a QUALITY ALUMINUM; QUALITY INSULATION; ALL JERSEY CONSTRUCTION; CR'S CONTRACTING; D&V CONSTRUCTION; FAIR HOME, INC; SAM & PAUL DRYWALL, INC; DUMAC CONSTRUCTION, INC; C.E.C. CIVIL ENGINEERING CORPORTATION; MIKE LUIS CONTRACTING; PR CONSTRUCTION; SERGIO IDROVO; STRONG R. GENERAL; LAKESIDE CONSTRUCTION COMPANY; CC BROTHERS d/b/a MAURICIO CALDERON; CAS GENERAL CONSTRUCTION t/a CESAR A. SANCHEZ; MG CONSTRUCTION INC; UTICA FIRST INSURANCE COMPANY; PILLARI LLC; PILLARI BROS CONTRACTING CO; PILLARI BROS CONSTRUCTION CORP; RMP UTILITIES, INC; JMR CONSTRUCTION GROUP, and DOE SUPPLIERS 1-50, and DOE CONTRACTORS 1-50<br><br>Defendant(s). | Civil Action No.<br><br><br>**COMPLAINT AND**<br>**JURY DEMAND** |

Plaintiff, Atain Specialty Insurance Company ("Atain"), by and through its attorneys, Bennett, Bricklin & Saltzburg, LLC, alleges the following against the defendants:

## JURISDICTION

11.     The United States District Court has original jurisdiction over the subject matter of said civil action under 28 U.S.C. § 1332(a) in that this is an action where the amount in controversy exceeds the sum of $75,000 exclusive of interests and costs and there is complete diversity of citizenship between the plaintiff and the defendants.

12.     This is an action brought pursuant to the Declaratory Judgment Act 28 U.S.C. § 2201 et seq., and there is an actual case and controversy between the parties requiring adjudication by the Court.

13.     Venue is proper within this jurisdiction pursuant to 28 U.S.C. §1391(a) because, upon information and belief, one or more of each of the defendants reside or is incorporated and has its principal place of business in this judicial district.

## AS TO THE PARTIES

### (i) Plaintiff

Plaintiff, Atain Specialty Insurance Company ("Plaintiff") is a corporation of the State of Michigan with its principle place of business located at 30833 Northwestern Highway, City of Farmington Hills, State of Michigan and was and is a citizen of Michigan.

### (ii) Defendants

1.      Defendant, A&A CONSTRUCTION, is a corporation of the State of New Jersey with a principal place of business at 2017 Lanes Mill Road, City of Lakewood, State of New Jersey, and was and is a citizen of the State of New Jersey.

2.      Defendant, BROTHERS ALL ROOFING is sole proprietorship of Domingo Oritiz residing at 35 Brian Street, City of Lakewood, State of New Jersey, and was and is a citizen of the State of New Jersey.

2

3.     Defendant BENITO O ROOFING, is a corporation of the State of New Jersey with a principal place of  business located 711 East County Line Road, City of Lakewood, State of New Jersey, and was and is a citizen of the State of New Jersey.

4.     Defendant, C&A CONSTRUCTION COMPANY, is a corporation of the State of New Jersey with its principal place of business at located at 60 Steiner Avenue, City of Neptune, State of New Jersey, and was and is a citizen of the State of New Jersey.

5.     Defendant, BLUE RIBBON ROOFING AND SIDING, is a corporation of the State of New Jersey with a principal place of business at 3175 Beachview Drive, City of Toms River, State of Jew Jersey, and was and is a citizen of the State of New Jersey.

6.     Defendant, BEL AIR AT WEST ORANGE CONDOMINIUM ASSOCIATION, INC., is a corporation of the State of New Jersey with a principal place of business at 149 Avenue at the CMN, City of Shrewsbury, State of New Jersey, and was an is a citizen of the State of New Jersey.

7.     Defendant, M&M AT WEST ORANGE, LLC, is a New Jersey limited liability corporation which is a wholly owned subsidiary of Hovnanian Enterprises, Inc., which is corporation of the State of Delaware with a principal place of business at 90 Matawan Road, City of Matawan, State of New Jersey, and was and is a citizen of the States of Delaware and New Jersey.

8.     Defendant, JOHN MOORZITZ, residing at 8 Presidential Path, City of Atlantic Highlands, State of New Jersey, who was and is a citizen of the State of New Jersey.

9.     Defendant, DAVID FISHER, residing at 4 Dogwood Court, City of East Brunswick, County of Middlesex, State of New Jersey who was and is a citizen of the State of New Jersey.

10.    Defendant, RICHARD PINTER, residing at 507 Summit Ave, City of Fords, County of Middlesex, State of New Jersey was and is a citizen of the State of New Jersey.

11.    Defendant, CHARLES LOOMAN, residing at 1209 Mohegan Road, City of Wall Township, State of New Jersey  was and is a citizen of the State of New Jersey

### (iii) Nominal Parties

The following are nominal parties whose States of citizenship are not necessary for the determination of diversity jurisdiction. Navarro Sav. Ass'n v. Lee 446 U.S. 458, 461 S. Ct.  1779 (1980).

4831-8193-2501, v. 3

Notwithstanding this, upon information and belief, none of the following nominal parties are citizens of the State of Michigan and the plaintiff has exercised due diligence and reasonable inquiry of the citizenship of the nominal parties from following available sources of information: (1) State of New Jersey, Division of Revenue and Enterprise Services-Business Records Service; (2) Lexis Advanced-Nationwide Business Locator-Corporation Filings and Fictitious Business Name; and (3) Google search engine. See Lincoln. Ben Life v AEI Life LLC, 800 F.3d 99 (3d. Cir 2015); Lewis v. Rego Co. 757 F.2d 66 (3d. Cir. 1985).

12.     Defendant, THOMAS J. BRENNAN ARCHITECTS, INC, is a corporation in the State of Texas, with a principle place of business 3803 Parkwood Blvd., Ste. 700, City of Frisco, State of Texas, and was and is a citizen of State of Texas, and upon information and belief, not a citizen of the State of Michigan.

13.     Defendant, MINNO & WASKO ARCHITECTS & PLANNERS, is a corporation in the State of Pennsylvania, with a principle place of business 80 Lambert, Suite 105, City of Lambertville, State of New Jersey, and was and is a citizen of the States of Pennsylvania and New Jersey, and upon information and belief, not a citizen of the State of Michigan.

14.     Defendant, ANCHOR WOOD FRAMING CORP, is a corporation in the State of Connecticut, with a principle place of business at 64 Windsor Way, City of Berkeley Heights, State of New Jersey, and was and is a citizen of the States of Connecticut and New Jersey, and upon information and belief, not a citizen of the State of Michigan.

15.     Defendant, BARRETT DRYWALL, LLC, is a limited liability corporation of the State of New Jersey, with a principle place of business at 73 Hinkle Drive, City of Bordentown, State of New Jersey, with the following members: (i) Janet Barrett, residing at 73 Hinkle Drive, City of Bordentown, State of New Jersey who was and is a citizen of the State of New Jersey; and (ii) John Barrett, residing at 73 Hinkle Drive, City of Bordentown, State of New Jersey, who was and is a citizen of the State of New Jersey, and upon information and belief, not a citizen of the State of Michigan.

16.     Defendant, CLE WORTH & SON, INC, was and is a corporation in the State of New Jersey, with a principle place of business at 3150 Route 27, City of Kendall Park, State of New Jersey, and was and is a citizen of the State of New Jersey, and upon information and belief, not a citizen of the State of Michigan.

17.     Defendant, J. VAN HOUTEN ELECTRIC, INC, is a corporation in the State of New Jersey, with a principle place of business at 25 Ironia Road, City of Flanders, State of New Jersey, and was and is a citizen of the State of New Jersey, and upon information and belief, not a citizen of the State of Michigan.

18.     Defendant, F&C PROFESSIONAL ALUMINUM RAILINGS CORP, is a corporation in the State of New Jersey, with a principle place of business at 1149 W. Front Street, City of Plainfield, State of New Jersey, and was and is a citizen of the State of New Jersey, and upon information and belief, not a citizen of the State of Michigan.

19.     Defendant, CLEMS ORNAMENTAL IRONWORKS, is a corporation of the State of Massachusetts, with a principle place of business at 84 State Street, City of Boston, State of Massachusetts, and was and is a citizen of the State of Massachusetts, and upon information and belief, not a citizen of the State of Michigan.

20.     Defendant, AA&B BUILDERS, is a corporation in the State of New Jersey, with a principle place of business at 716 Woodchuck Lane, City of Toms River, State of New Jersey, and was and is a citizen of the State of New Jersey, and upon information and belief, not a citizen of the State of Michigan.

21.     Defendant, BRAZIL JAG CONSTRUCTION, is a corporation in the State of New Jersey, with a principle place of business at 305 Cleveland Avenue-Apt 3, City of Long Branch, State of New Jersey, and was and is a citizen of the State of New Jersey, and upon information and belief, not a citizen of the State of Michigan.

22.     Defendant, D&B CONSTRUCTION, is a sole proprietorship owned by Brian Ratti, residing at 105 Horseshoe Drive, City of Gilbert, State of Pennsylvania, and was and is a citizen of the State of Pennsylvania, and upon information and belief, not a citizen of the State of Michigan.

23.     Defendant, Friar Home, Inc., is a corporation of the State of New Jersey with a principal place of business at 47 Houston Street, City of Newark, State of New Jersey and was and is a citizen of the State of New Jersey and upon information and belief, not a citizen of the State of Michigan.

4831-8193-2501, v. 3

24.    Defendant, ISLAND VINYL SIDING, is a corporation in the State of New Jersey, with a principle place of business at, 633 Campbell Avenue, City of Long Branch, State of New Jersey, and was and is a citizen of the State of New Jersey, and upon information and belief, not a citizen of the State of Michigan.

25.    Defendant, LUNAS CONSTRUCTION, is a limited liability corporation of the State of New Jersey 77 Wall Street-Apt A, City of Rockaway State of New Jersey with its sole member being Isidro Lunas, residing at 77 Wall Street, Apt A, City of Rockaway, State of New Jersey who was and is a citizen of the State of New Jersey and upon information and belief, not a citizen of the State of Michigan.

26.    Defendant, AA& B BUILDERS, is a corporation in the State of New Jersey, with a principle place of business at 716 Woodchuck Lane, City of Toms River, State of New Jersey, and was and is a citizen of the State of New Jersey, and upon information and belief, not a citizen of the State of Michigan.

27.    Defendant, TEIXEIRA SIDING, INC, is a corporation in the State of New Jersey, with a principle place of business at 628 Westwood Avenue, City of Long Branch, State of New Jersey, and was and is a citizen of the State of New Jersey, and upon information and belief, not a citizen of the State of Michigan.

28.    Defendant, CALDERON CONSTRUCTION, is a corporation in the State of New Jersey, with a principle place of business at 29 Anchor Road, City of Barnegat, State of New Jersey, and was and is a citizen of the State of New Jersey.

29.    Defendant, EXTERIOR SOLUTIONS, is a corporation in the State of New Jersey, with a principle business address of 43 Daniel Lane, City of Kinnelon, State of New Jersey, and was and is a citizen of the State of New Jersey, and upon information and belief, not a citizen of the State of Michigan.

30.    Defendant CERTAINTEED CORPORATION, is a corporation of the State of Delaware with its principal place of business at 20 Moore Road, City of Malvern, State of Pennsylvania, and was and is a citizen of the States of Delaware and Pennsylvania, and upon information and belief, not a citizen of the State of Michigan.

31.    Defendant, CARFER CONSTRUCTION, INC, is a corporation in the State of New Jersey, with a principle business address of 2565 Lakewood Allenwood Rd., City of Howell, State of New Jersey, and was and is a citizen of the State of New Jersey, and upon information and belief, not a citizen of the State of Michigan.

4831-8193-2501, v. 3

32.     Defendant, P.M.Z. LANDSCAPING, is a corporation in the State of New Jersey, with a principle business address of 172 Smithtown Road, City of Hackettstown, State of New Jersey, and was and is a citizen of the State of New Jersey, and upon information and belief, not a citizen of the State of Michigan.

33.     Defendant, LAWNS BY YORKSHIRE, is a corporation in the State of New Jersey, with a principle business address of 9 Atlantic Street, City of Hackensack, State of New Jersey, and was and is a citizen of the State of New Jersey, and upon information and belief, not a citizen of the State of Michigan.

34.     Defendant ARMINO'S LANDSCAPE MAINTENANCE, Inc. is a corporation of the State of New Jersey with a principle place of business at 2 Adrian Street, City of Stanhope, and State of New Jersey and was and is a citizen of the State of New Jersey, and upon information and belief, not a citizen of the State of Michigan.

35.     Defendant, EAST COAST FIREPLACE d/b/a EAST COAST FIREPLACE, is a corporation in the State of New Jersey, with a principle business address of 432 Tennet Road, City of Morganville, State of New Jersey, and was and is a citizen of the State of New Jersey, and upon information and belief, not a citizen of the State of Michigan.

36.     Defendant, C ROJAS CONSTRUCTION, is a corporation in the State of New Jersey, with a principle business address of 227 Myrtle Avenue, City of Neptune, State of New Jersey, and was and is a citizen of the State of New Jersey and, upon information and belief, not a citizen of the State of Michigan.

37.     Defendant, MARCIAL SIDING INC, is a corporation in the State of New Jersey, with a principle business address of 239 Joline Ave, Apt 1, City of Long Branch, State of New Jersey, and was and is a citizen of the State of New Jersey, and upon information and belief, not a citizen of the State of Michigan.

38.     Defendant, HILLSIDE CONSTRUCTION CO, INC, is a corporation in the State of New Jersey, with a principle business address of 1214 Woodruff Avenue, City of Hillside, State of New Jersey, and was and is a citizen of the State of New Jersey, and upon information and belief, not a citizen of the State of Michigan.

39.     Defendant, RIGGI PAVING INC, is a corporation in the State of New Jersey, with a principle business address of 444 8th Street, City of Palisades Park, State of New Jersey, and was and is a citizen of the State of New Jersey, and upon information and belief, not a citizen of the State of Michigan.

4831-8193-2501, v. 3

40.      Defendant, VICTORIA SIDING AND ROOFING, is a corporation in the State of New Jersey, with a principle business address of 217 Chelsea Avenue, City of Long Branch, State of New Jersey, and was and is a citizen of the State of New Jersey, and upon information and belief, not a citizen of the State of Michigan.

41.      Defendant, ALPHA CONCEPTS, is a corporation in the State of New Jersey, with a principle business address of 132 Landing Road, City of Landing, State of New Jersey, and was and is a citizen of the State of New Jersey, and upon information and belief, not a citizen of the State of Michigan.

42.      Defendant, TRC ENGINEERS, INC, is a corporation in the State of New Jersey, with a principle business address of 820 Bear Tavern Road, City of West Trenton, State of New Jersey, and was and is a citizen of the State of New Jersey, and upon information and belief, not a citizen of the State of Michigan.

43.      Defendant CEC CIVIL ENGINEERING CORPORATION is a corporation of the State of Pennsylvania with its principle place of business located at 33 Baldwin Road, City of Pittsburgh, State of Pennsylvania and was and is a citizen of the State of Pennsylvania, and upon information and belief, not a citizen of the State of Michigan.

44.      Defendant K HOVANANIAN COMPANIES LLC, is a limited liability corporation of the State of New Jersey with its principle place of business at 90 Matawan Road, City of Matawan, State of New Jersey and whose member(s) is/are not reordered in an available record but who, upon information and belief, are citizen(s) of the State of New Jersey, and upon information and belief, not citizen(s) of the State of Michigan.

45.      Defendant HOVANANIAN ENTERPRISES, INC, is a corporation of   the State of Delaware with a principal place of business at 90 Matawan Road, City of Matawan, State of New Jersey and was and is a citizen of the State of Delaware and New Jersey, and upon information and belief, not a citizen of the State of Michigan.

46.      Defendant, SPIDER CONSTRUCTION, is a corporation in the State of New Jersey, with a principle business address of 147 Sherman Avenue, City of Trenton, State of New Jersey, and was and is a citizen of the State of New Jersey, and upon information and belief, not a citizen of the State of Michigan.

4831-8193-2501, v. 3

47.     Defendant, METROCORP PLUMBING, INC, is a corporation in the State of New Jersey, with a principle business address of 2601 Bridge Avenue, City of Point Pleasant, State of New Jersey, and was and is a citizen of the State of New Jersey, and upon information and belief, not a citizen of the State of Michigan.

48.     Defendant, WILSON CONSTRUCTION, is a corporation in the State of New Jersey, with a principle business address of One Centennial Square, City of Haddonfield, State of New Jersey, and was and is a citizen of the State of New Jersey, and upon information and belief, not a citizen of the State of Michigan.

49.     Defendant, LENAHAN ACQUISITION GROUP, LLC, is a limited liability corporation of the State of New Jersey, with a principle place of business at 6 Pegasus Drive, City of Colts Neck, State of New Jersey, with the following member: (i) William F. Lenahan, residing at 6 Pegasus Drive, City of Colts Neck, State of New Jersey, who was and is a citizen of the State of New Jersey, and upon information and belief, not a citizen of the State of Michigan.

50.     Defendant, IDROVO GENERAL CONSTRUCTION, LLC, is a limited liability corporation of the State of New Jersey, with a principle place of business at 610 N. 5th Street, City of Newark, State of New Jersey, with the following member: (i) Sergio Idrovo, residing at 610 N. 5th Street, City of Newark, State of New Jersey, who was and is a citizen of the State of New Jersey, and upon information and belief, not a citizen of the State of Michigan.

51.     Defendant, LUNA CONSTRUCTION, LLC, is a limited liability corporation of the State of New Jersey, with a principle place of business at 77 Wall Street Apt A, City of Rockaway, State of New Jersey with the following member: (i) Isidro Luna, residing at 77 Wall Street Apt A, City of Rockaway, State of New Jersey, and was and is a citizen of the State of New Jersey, and upon information and belief, not a citizen of the State of Michigan.

52.     Defendant, C&C CONTRACTOR CO, LLC, is a limited liability corporation of the State of New Jersey, with a principle place of business at 44 Park Street, Florham Park, NJ 07932, with the following member: (i) Cristian Vazquez, residing at 44 Park Street, City of Florham Park, State of New Jersey, who was and is a citizen of the State of New Jersey, and upon information and belief, not a citizen of the State of Michigan.

4831-8193-2501, v. 3

53.     Defendant, ARMINIO'S LANDSCAPE MAINTENANCE, is a corporation of the State of New Jersey, with a principal place of business at 2 Adrian Street, City of Stanhope, State of New Jersey, and was and is a citizen of the State of New Jersey, and upon information and belief, not a citizen of the State of Michigan.

54.     Defendant, J.A. NEARY EXCAVATING CORP, is a corporation of the State of New Jersey, with a principal place of business at 330 Lincoln Blvd., City of  Middlesex, State of New Jersey, and was is a citizen of the State of New Jersey, and upon information and belief, not a citizen of the State of Michigan.

55.     Defendant, HUERTAS ROOFING & SIDING, is, upon information and belief, a sole proprietorship whose owner is not recorded in an available record, but upon information and belief, is a citizen of the State of New Jersey residing at 210 2nd Avenue, Apt 26, City of Asbury Park, State of New Jersey, and upon information and belief, was and is a citizen of the State of New Jersey, and upon information and belief, not a citizen of the State of Michigan.

56.     Defendant, NOYOLA CONTRACTOR, LLC is a limited liability   of the State of New Jersey with a principal place of business at 608 5th Avenue, Apt 1, City of Asbury Park, State of New Jersey, whose member(s) is/are not recorded in an available record but is/are, upon information and belief,  citizen(s) of the State of New Jersey, and upon information and belief, not a citizen(s) of the State of Michigan.

57.     Defendant, EAST COAST INSTALLATION, is a corporation of the State of New Jersey with a principal place of business at 313 Route 33, City of Manalapan, State of New Jersey, and was and is a citizen of the State of New Jersey, and upon information and belief, not a citizen of the State of Michigan.

58.     Defendant, EAST COAST TRAFFIC MARKING, INC, is a corporation of the State of New Jersey with a principal place of business at 150 Scott Drive, City of Watchung, State of New Jersey, and was and is a citizen of the State of New Jersey, and upon information and belief, not a citizen of the State of Michigan.

59.     Defendant, D&K GYPSUM FLOOR, INC, is a corporation of the State of New Jersey with a principal place of business at 15 E. 21st Street, City of Linden, State of New Jersey, and was and is a citizen of the State of New Jersey, and upon information and belief, not a citizen of the State of Michigan.

60.     Defendant, EASTERN ALUMINUM LLC, d/b/a QUALITY ALUMINUM a limited liability corporation of the State of New Jersey with a principal place of business at 260 E. Main Street, City of Tuckerton, State of New Jersey, whose member(s) is/are not recorded in an available record but, upon information and belief, was and are a citizen(s) of the State of New Jersey, and upon information and belief, not a citizen(s) of the State of Michigan.

61.     Defendant, QUALITY INSULATION COMPANY INC, is a corporation of the State of New Jersey with a principal place of business at 121 Bartley Flanders Road, City of Flanders, State of New Jersey, and was and is a citizen of the State of New Jersey, and upon information and belief, not a citizen of the State of Michigan.

62.     Defendant, ALL JERSEY CONSTRUCTION, LLC is a limited liability corporation of the State of New Jersey with a principal place of business at 106 Woodberry Drive, City of Egg Harbor Township, State of New Jersey, whose member(s) is/are not recorded in an available record but, upon information and belief, were and are  citizen(s) of the State of New Jersey, and upon information and belief, not  citizen(s) of the State of Michigan.

63.     Defendant, CR'S CONTRACTING, is a sole proprietorship of the State of New Jersey owned by Alex Esquivel who resides at 322 Irvington Place, City of Trenton, State of New Jersey, and was and is a citizen of the State of New Jersey, and upon information and belief, not a citizen of the State of Michigan.

64.     Defendant, D&V CONSTRUCTION, is a corporation of the State of New Jersey with a principal place of business at 83 Good Springs Road, City of Asbury, State of New Jersey, and was and is a citizen of the State of New Jersey, and upon information and belief, not a citizen of the State of Michigan.

65.     Defendant, FAIR HOME, INC, is a corporation of the State of New Jersey with a principal place of business at 2 Houston Street, City of Newark, State of New Jersey, and was and is a citizen of the State of New Jersey, and upon information and belief, not a citizen of the State of Michigan.

66.     Defendant, SAM & PAUL DRYWALL, INC, a corporation of the State of New Jersey with a principal place of business at 534 Whitesville Road, City of Jackson Township, State of New Jersey, and was and is a citizen of the State of New Jersey, and upon information and belief, not a citizen of the State of Michigan.

4831-8193-2501, v. 3

67.     Defendant, DUMAC CONSTRUCTION, INC, a corporation of the State of New Jersey with a principal place of business at 15 Birch Lane, City of Colts Neck, State of New Jersey, and was and is a citizen of the State of New Jersey, and upon information and belief, not a citizen of the State of Michigan.

68.     Defendant, C.E.C. CIVIL ENGINEERING CORPORTATION, is a corporation of the State of Pennsylvania with its principle place of business located at 33 Baldwin Road, City of Pittsburgh, State of Pennsylvania and was and is a citizen of the State of Pennsylvania, and upon information and belief, not a citizen of the State of Michigan.

69.     Defendant, MIKE LUIS CONTRACTING, is a sole proprietorship of the State of New Jersey operated by Mike Luis who resides in the City of Brick, City of State of New Jersey, and was and is a citizen of the State of New Jersey, and upon information and belief, not a citizen of the State of Michigan.

70.     Defendant, PR CONSTRUCTION, INC.  is a corporation of the State of New Jersey with a principal place of business at 405 Dover Chase Blvd, City of Toms River, State of New Jersey and was and is a citizen of the State of New Jersey, and upon information and belief, not a citizen of the State of Michigan.

71.     Defendant, SERGIO IDROVO, was and is a citizen of the in the State of New Jersey residing at 610 N. 5th Street, City of Newark, State of New Jersey, who was and is a citizen of the State of New Jersey, and upon information and belief, not a citizen of the State of Michigan.

72.     Defendant, STRONG R. GENERAL, is a corporation of the State of New Jersey with a principal place of business at 475 England Terrace, City of Orange, State of New Jersey, and was and is a citizen of the State of New Jersey, and upon information and belief, not a citizen of the State of Michigan.

73.     Defendant LAKESIDE CONSTRUCTION COMPANY, is a corporation of the State of New Jersey with a principal place of business at 151 Sparta Stanhope Road, City of Hopatcong, State of New Jersey, and was and is a citizen of the State of New Jersey, and upon information and belief, not a citizen of the State of Michigan.

74.     Defendant, CC BROTHERS d/b/a MAURICIO CALDERON, is a limited liability company of the State of New Jersey with a principal place of business at 210 Franklin Avenue, City of Jackson, State of New Jersey, and whose member(s) is/are not recorded in an available record but, upon information and belief,

12

were and are a citizen(s)n of the State of New Jersey, and upon information and belief, not  citizen(s) of the State of Michigan.

75.     Defendant, CAS GENERAL CONSTRUCTION t/a CESAR A. SANCHEZ, is, upon information and belief, a sole proprietorship  owned by Cesar A, Sanchez who resides at 541 Roseville Avenue, City of Newark, State of New Jersey, and was an is a citizen of the State of New Jersey, and upon information and belief, not a citizen of the State of Michigan.

76.     Defendant, MG CONSTRUCTION INC, is corporation in the State of New Jersey with a principal place of business at 31 Anderson Avenue, City of Fairview, State of New Jersey, and was and is a citizen of the State of New Jersey, and upon information and belief, not a citizen of the State of Michigan.

77.     Defendant, UTICA FIRST INSURANCE COMPANY, is a corporation of the State of New York with a principal place of business 5981 Airport Road, City of Oriskany, State of New York, and was and is a citizen of the State of New York, and upon information and belief, not a citizen of the State of Michigan.

78.     Defendant, PILLARI LLC, is a limited liability corporation of the State of New Jersey with its principle place of business located at 27 Randolph Road, City of Howell, and State of New Jersey whose member(s) is/are not recorded in an available record but ,upon information and belief, were and are  citizen(s) of the State of New Jersey and, upon information and belief, were and are not citizen(s) of  the State of Michigan**.**

79.     Defendant, PILLARI BROS CONTRACTING CO, is a corporation in the State of New Jersey with a place of business at 65 Squankum Yellowbrook Road, City of Farmingdale, State of New Jersey, and was and is a citizen of the State of New Herya and upon information and belief not a citizen of the State of Michigan.

80.     Defendant PILLARI BROS CONSTRUCTION CORP, is a corporation in the State of New Jersey with a principal place of business at 65 Squankum Yellowbrook Road, City of Farmingdale, State of New Jersey, and was and is a citizen of the State of New Jersey, and upon information and belief, not a citizen of the State of Michigan.

81.     Defendant, RMP UTILITIES, INC, is a corporation of the State of New Jersey with a principal place of business located at 65 Squankum -Yellowbrook Road, City of Farmingdale, and State of New Jersey

and was and is a citizen of the State of New Jersey, and upon information and belief, not a citizen of the State of Michigan.

82.     Defendant, JMR CONSTRUCTION GROUP, is corporation of the State of New Jersey with a principal place of business at 68 Cat Swamp Road, City of Hackettstown, and State of New Jersey and was and is a citizen of the State of New Jersey, and upon information and belief, not a citizen of the State of Michigan.

## I.     THE UNDERLYING LITIGATION MATTER

### A)     Factual and Procedural Background

1.     This matter arises from demands for insurance coverage in connection with an underlying construct defect litigation  for a condominium development company known as Bel Air at West Orange Condominium Association, filed on December 9, 2015, and captioned: Bel Air At West Orange Condominium Association, Inc., v. M&M At West Orange LLC, Doe Successor Developers A-Z, Thomas J. Brennan Architects, Inc., Minno & Wasko Architects & Planners; Doe Architects 1-25; TRC Engineers, Inc., CEC Civil Engineering Corporation, Doe Engineers 1-25; Hovnanian Enterprises, Inc., K. Hovnanian Companies, LLC; K. Hovnanian Enterprises, Inc.; Mike Luis Contracting; Anchor Wood Framing Corp.; Sam & Paul Drywall, Inc.; Barrett Drywall, LLC; Cleworth & Son, Inc.; Alpha Concepts; DUMAC Construction, Inc.; J. Van Houten Electric, Inc., Blue Ribbon Roofing and Siding, Inc.; Metrocorp Plumbing, Inc. F&C Professional Aluminum Railings Corp.; Clems Ornamental Ironworks; Carfer Construction, Inc.; P.M.Z. Landscaping; Lawns By Yorkshire; Armino's Landscape Maintenance; East Coast Fireplace; J.A. Neary Excavating Corp.,; East Coast Traffic Marking, Inc.; D&K Gypsum Floor, Inc., Eastern Aluminum, LLC d/b/a Quality Aluminum; Exterior Solutions; Hillside Construction Co, Inc.; Riggi Paving Co.; Quality Insulation; CRs Contracting, Inc., Utica First Insurance Company; C Rojas Construction; C&C Contractor Co., LLC; D&V Construction d/b/a Brian Ratti; Friar Home, Inc.; Huertas Roofing & Siding; Island Vinyl Siding; Lunas Construction; Marcial Siding; Noyola Construction; PR Construction; Sergio Idrovo; Spider Construction; Strong R. General; Vitoria Siding And Roofing; Wilson Construction; East Coast

Installations d/b/a  East Coast Fireplace; CC Brothers; CAS General Construction t/a Cesar Sanchez; Calderon Construction; AA&B Builders; Teixeira Siding; Doe Suppliers 1-50, and Doe Contractors 1-50, Superior Court of New Jersey, Law Division, County of Essex, Docket No. ESX-L-008385-16 (hereinafter the "Litigation Matter").

2.      In the Litigation Matter, the Plaintiff, Bel Air At West Orange Condominium Association, Inc., alleges among other things, defective construction at the Bel Air at West Orange Condominium complex, located at 1 Whitbay Drive, West Orange, Essex County, New Jersey, (hereinafter the "Project").

3.      The Project was developed by Defendant M&M at West Orange, LLC, a subsidiary of Defendant Hovnanian Enterprises, Inc. and consists of 250 Townhome properties scattered across 74 two story wood frame buildings.

4.      Upon information and belief, construction of the Project took place between 2005 through 2009.

5.      Among the alleged construction defects are claims that the roofing and siding was not properly designed and/or installed resulting in water penetration of the building envelope in several of the buildings that comprise the Project.

6.      While the Complaint alleges damage to the building, the damages complained of involve the costs of removal and replacement of defective construction including the siding and roofing.

7.      Estimated costs of remediating roofing deficiencies at the Project exceed $800,000.

8.      Estimated costs of remediating the pertinent siding deficiencies at the Project exceed $500,000.

9.      On July 13, 2018, the defendants M&M at West Orange, LLC, and Hovnanian Enterprises, Inc. filed a Third Party Complaint against its direct subcontractors retained in connection

4831-8193-2501, v. 3

with the Project, including the Lenahan Acquisition Group D/B/A Blue Ribbon Roofing & Siding (hereinafter "Blue Ribbon").

10.     The Third Party Complaint contains causes of action for common law indemnification, contribution, and contractual indemnification.

11.     On November 20, 2018, Blue Ribbon filed its Answer to the Third Party Complaint and included with it a Fourth Party Complaint against all of the subcontractors retained by Blue Ribbon in connection with the Project.

12.     Among the subcontractors sued in the Fourth Party Complaint were defendants A&A Construction, C&A Construction, Benito O Roofing, and Brother's All Roofing.

13.     The Fourth Party Complaint contains a single cause of action alleging damages against each Fourth Party Defendant subcontractor under the theories of common law indemnification, contribution, and contractual indemnification.

14.     The Fourth Party Complaint includes a claim for breach of contract to procure insurance coverage.


## II.     THE BLUE RIBBON CONTRACT

15.     Blue Ribbon employed identical "Subcontractor Agreements" for each of its subcontractors which is a single page agreement containing six numbered paragraphs that are limited to billing procedures. The Subcontractor Agreement contains no work requirements, specifications nor pricing.

16.     The "Subcontractor Agreement" is accompanied by an Indemnity and Insurance Agreement. The form identifies "Blue Ribbon Roofing & Siding, Inc. as "owner" and thereafter includes a blank line to identify the "subcontractor."  The agreement provides in pertinent part:

> Subcontractor agrees to indemnify and hold harmless the owner and/or the contractor and their agents and employees, from and against and all…claims, suits….arising out of or resulting from subcontractor's performance of the work required by the

subcontract, regardless of whether such…claim, suit, is incident to or arises out of conditions or omissions permitted or acts performed by any Indemnitee.

The subcontractor agrees to assume the entire responsibility and liability for all damages…to all property, arising out of or in any manner connected with the execution of the work under this Subcontract and to the fullest extent permitted by law, the Subcontractor shall defend and indemnify the Contractor from all such claims, including without limitation claims for which the Contractor may be…claimed to be liable by reason of its own independent negligence.

***

The Subcontractor further agrees to obtain and pay for such General Liability Insurance coverage as will insure the provisions of this section and other contractual indemnification assumed by the Subcontractor in the subcontract.

17.     The Defendant A&A Construction executed the Subcontractor Agreement and the Indemnity & Insurance Agreement on March 7, 2006.

18.     The Defendant C&A Construction has not executed the Subcontractor Agreement and the Indemnity & Insurance Agreement.

19.     The Defendant Brother's All Roofing, executed the Subcontractor Agreement and the Indemnity & Insurance Agreement on March 14, 2006

20.     The Defendant Benito O Roofing did not executed the Subcontractor Agreement and the Indemnity & Insurance Agreement.

## III.     THE POLICIES OF INSURANCE ISSUED BY PLAINTIFF TO DEFENDANT A&A CONSTRUCTION, THE TENDER OF DEFENSE AND RESPONSE OF PLAINTIFF

### (i)     The Policies

21.     Atain issued a general liability insurance policy No. LGBGL455961, to A&A Construction, Inc. of Lakewood, New Jersey as a "corporation," for the policy period of January 24, 2006 through January 24, 2007.

22.     The initial policy was renewed under Policy No. LGBGL455961R1, issued for the policy period of January 24, 2007 through January 24, 2008,

23.     The Policy was renewed again under Policy No. LGBGL455961R2, issued for the policy period of January 24, 2008 through January 24, 2009.

24.     All three policies provide in pertinent part:

SECTION I – COVERAGES
COVERAGE A BODILY INJURY AND
PROPERTY DAMAGE LIABILITY

1.     Insuring Agreement

a.     We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies.  We will have the right and duty to defend the insured against any "suit" seeking those damages.  However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply.  We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result. But:

(1)     The amount we will pay for damages is limited as described in Section III – Limits Of Insurance; and

(2)     Our right and duty to defend ends when we have used up the applicable limit of insurance in the payment of judgments or settlements under Coverages A or B or medical expenses under Coverage C.

No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments – Coverages A and B.

b.     This insurance applies to "bodily injury" and "property damage" only if:

(1)     The "bodily injury" or "property damage" is caused by an " occurrence" that takes place in the "coverage territory";

(2)     The "bodily injury" or "property damage" occurs during the policy period; and

(3)     Prior to the policy period, no insured listed under Paragraph 1. of Section II – Who Is An Insured and no "employee" authorized by you to give or receive notice of any "occurrence" or claim, knew that the "bodily injury" or "property damage" had occurred, in whole or in part.  If such a listed insured or authorized "employee" knew, prior to the policy period, that the "bodily injury" or "property damage" occurred, then any continuation, change or resumption of such "bodily injury"  or "property damage" during or after the policy period will be deemed to have been known prior to the policy period.

c.     "Bodily injury" or "property damage" which occurs during the policy period and was not, prior to the policy period, known to have occurred by any insured listed under Paragraph 1. of Section II – Who Is An Insured or any "employee" authorized by you to give or receive notice of an "occurrence" or claim, includes any continuation, change or resumption of that "bodily injury" or "property damage" after the end of the policy period.

4831-8193-2501, v. 3

d.      "Bodily injury" or "property damage" will be deemed to have been known to have occurred at the earliest time when any insured listed under Paragraph 1 of Section II – Who Is An Insured or any "employee" authorized by you to give or receive notice of an "occurrence" or claim:

(1)      Reports all, or any part, of the "bodily injury" or "property damage" to us or any other insurer;

(2)      Receives a written or verbal demand or claim for damages because of the "bodily injury" or "property damage"; or

(3)      Becomes aware by any other means that "bodily injury" or "property damage" has occurred or has begun to occur.

e.      Damages because of "bodily injury" include damages claimed by any person or organization for care, loss of services or death resulting at any time from the "bodily injury".

25.      The term "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

26.      There polices each contain the following exclusions:

**Exclusions**

This insurance does not apply to:

a.      Expected Or Intended Injury
"Bodily injury" or "property damage" expected or intended from the standpoint of the insured.  This exclusion does not apply to "bodily injury" resulting from the use of reasonable force to protect persons or property.

b.      Contractual Liability
"Bodily injury" or "property damage" for which the insured is obligated to pay damages by reason of the assumption of liability in a contract or agreement.  This exclusion does not apply to liability for damages:

(1)      That the insured would have in the absence of the contract or agreement; or

(2)      Assumed in a contract or agreement that is an "insured contract", provided the "bodily injury" or "property damage" occurs subsequent to the execution of the contract or agreement.  Solely for the purposes of liability assumed in an "insured contract," reasonable attorney fees and necessary litigation expenses incurred by or for a party other than an insured are deemed to be damages because of "bodily injury" or "property damage", provided:

(a)      Liability to such party for, or for the cost of, that party's      defense has also been assumed in the same "insured contract;"

(b)      Such attorney fees and litigation expenses are for defense    of      that party against a civil or alternative dispute resolution          proceeding   in   which damages to which this insurance applies      are alleged.

j.            Damage To Property

"Property damage" to:
                              ***

(5)      That particular part of real property on which you or any contractors or subcontractors working directly or indirectly on your behalf are performing operations, if the "property damage" arises out of those operations; or

(6)      That particular part of any property that must be restored, repaired or replaced because "your work" was incorrectly performed on it.
                              ***
Paragraph (6) of this exclusion does not apply to "property damage" included in the "products-completed operations hazard".

k.      Damage To Your Product
"Property damage" to "your product" arising out of it or any part of it.

l.      Damage To Your Work
"Property damage" to "your work" arising out of it or any part of it and included in the "products-completed operations hazard".

This exclusion does not apply if the damaged work or the work out of which the damage arises was performed on your behalf by a sub-contractor.

27.      Each policy was amended by endorsement CG 24 26 07 04, which states:

**AMENDMENT OF INSURED CONTRACT DEFINITION**

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART
PRODUCTS/COMPLETED OPERATIONS LIABILITY COVERAGE PART

The definition of "insured contract" in the Definitions section is replaced by the following:

"Insured contract" means:

f.      That part of any other contract or agreement pertaining to your business (including an indemnification of a municipality in connection with work performed for a municipality) under which you assume the tort liability of another party to pay for "bodily injury" or "property damage" to a third person or organization, provided the "bodily injury" or "property damage" is caused, in whole or in part, by you or by those acting on your behalf.  However, such part of a contract or agreement shall only be

considered an "insured contract" to the extent by law.  Tort liability means a liability that would be imposed by law in the absence of any contract or agreement.

\*\*\*

28.     Both subsequent renewal policies LGBGL455961R1 and LGBGL455961R2 each contain a contractual liability limitation endorsement, form CG 21 39. That endorsement completely omits any reference to contractual indemnity agreements pertaining to the named insured's business from the definition of insured contract.  It provides:

### CONTRACTUAL LIABILITY LIMITATION

This Endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART
PRODUCTS/COMPLETED OPERATIONS LIABILITY COVERAGE PART

The definition of "insured contact" in the DEFINITIONS Section is replaced by the following:

"Insured Contract" means:

a.     A contract for a lease of premises.  However, that portion of the contract for a lease of premises that indemnifies any person or organization for damage by fire to premises while rented to you or temporarily occupied by you with permission of the owner is not an "insured contract";

b.     A sidetrack agreement;

c.     Any easement or license agreement, except in connection with construction or demolition operations on or within 50 feet of a railroad;

d.     An obligation, as required by ordinance, to indemnify a municipality, except in connection with work for a municipality;

e.     An elevator maintenance agreement.

\*\*\*

29.     The following exclusion is added by endorsement to each policy:

### Continuous And Progressive Injury

A.     The insurance does not apply to the following, which is added to the EXCLUSIONS:

All "bodily injury," "property damage,"…that first becomes actually or constructively known to any person prior to the effective date or after the expiration of this policy regardless of whether there is repeated or continued exposure during the period of the policy or whether the injury or damage continues, progresses or deteriorates during the term of the policy.

B.      If this policy extends for more than one annual period, then the following applies:

1.      The most we will pay for "bodily injury," "property damage"…that is continuous or progressively deteriorating, and that is first apparent during one of the periods of this policy, is the applicable limit of insurance available with respect to that one policy.

***

C.      Within the meaning of this endorsement, injury or damage is apparent when appreciable harm occurs that is or should be known to the insured, the person, or organization harmed.

30.      The initial policy bearing number LGBGL455961 contains an endorsement which identifies "Blue Ribbon Roofing & Siding LLC.," as an additional insured. That endorsement provides in pertinent part:

**ADDITIONAL INSURED - DESIGNATION PERSON OR ORGANIZATION**

This Endorsement modifies insurance provided under the following:

**COMMERCIAL GENERAL LIABILITY COVERAGE PART**

**SCHEDULE**

| Name of Additional Insured Person(s) Or Organization(s) |
|---|
| Blue Ribbon Roofing & Siding, LLC<br>1575 Route 37 West, Unit 4<br>Toms River,  NJ  08753 |
| Information required to complete this Schedule, if not shown above, will be shown in Declarations |

**SECTION II - Who is An Insured** is amended to include as an additional insured the persons) or organization(s) shown in the Schedule, but only with respect to liability for "bodily injury," "property damage," or "personal and advertising injury" caused, in

22

whole or in part, by your acts or omissions of the acts or omissions of those acting on your behalf.

31.    No additional insured endorsement is contained on the first renewal policy LGBGL455961R1.

32.    The subsequent renewal policy, LGBGL455961R2 contains an endorsement which provides in pertinent part:

### ADDITIONAL INSURED - OWNERS, LESSEES OR CONTRACTORS - AUTOMATIC STATUS WHEN REQUIRED IN CONSTRUCTION AGREEMENT WITH YOU

**A. Section II - Who Is An Insured** - is amended to include as an additional insured any person or organization for whom you are performing operations when you and such a person or organization have agreed in writing in a contract or agreement that such person or organization be added as an additional insured on your policy. Such person or organization is an additional insured only with respect to liability for "bodily injury," "property damage"…caused in whole or in part by:

1.    Your acts or omissions; or

2.    The acts or omissions of those acting on your behalf;

in the performance of your ongoing operations for the additional insured.

A person's or organization's status as an additional insured under this endorsement ends when your operations for that additional insured are completed.

B.    With respect to the insurance afforded to these additional insureds, the following additional exclusions apply:
                                        ***
2.    "Bodily injury or "property damage" occurring after:

a.    All work, including materials, parts or equipment furnished in connection with such work, on the project (other than service, maintenance or repairs) to be performed by or on behalf of the additional insured(s) at the location of the covered operations has been completed; or

b.    That portion of "your work" out of which the injury or damage arises has been put to its intended use by any person or organization other than another contractor or subcontractor engaged in performing operations for a principal as a part of the same project.
                                     * * *
**(ii)    The Tender Of Defense By A&A Construction And Response Of Atain To A&A Construction Of A Notice of Partial Denial And Reservation of Rights**

23

33.     The Defendant Blue Ribbon obtained a court order permitting substituted service upon the subcontractor A&A Construction through service upon its general liability insurers.

34.     Blue Ribbon Served the Fourth party Complaint upon A&A Construction be delivering a copy of the Complaint to Atain.

35.     Upon receipt of the Complaint in substituted service, Atain issued a May 9, 2019 Notice of Partial Denial and Disclaimer of Coverage and Reservation of Rights which denied and disclaimed any coverage obligation to A&A Construction because:

1. Claims for breach of contract, breach of warranty, and breach of contract to procure insurance coverage do not seek damages because of "property damage" caused by an "occurrence" as those terms are defined by the Atain policies and there can be no insurance coverage for any and all allegations of such damage set forth in the Litigation Matter.

2. Under Coverage A, Exclusion 2(a) ("Expected or Intended Injury") is directly applicable to negate coverage for claims for breach of contract, breach of warranty, and breach of contract to procure insurance coverage and there is no insurance coverage for any and all allegations of such damage set forth in the Litigation Matter.

3. Under Coverage A, Exclusion 2(b)("Contractual Liability"), is directly applicable and negates any indemnity obligation for a contractual indemnity claim.

4. Under Coverage A, Exclusions 2(j) (5) ("Damage To Property") and 2(j) (6) ("Damage To Property") are directly applicable and negate coverage for claims asserted in the Litigation Matter which seek damages for property damage caused by your ongoing operations and there is no insurance coverage for any and all allegations of such damage set forth in the Litigation Matter.

5. Under Coverage A, Exclusions (2) (k) ("Damage to Your Product") and 2(1) ("Damage To Your Work") are directly applicable and negate coverage for claims asserted in the Litigation Matter.

36.     In that May 9, 2019 correspondence Atain further reserved its rights to deny and disclaim all coverage at a later date for the following reasons:

6. Should additional facts that are currently unknown to Atain develop during continuing discovery and investigation in the Litigation Matter demonstrate that there is no allegation of property damage caused by an occurrence and taking place during the Atain policy periods, the

insuring agreement of each policy would not triggered and there would be no coverage.

7. Should additional facts that are currently unknown to Atain develop during continuing discovery and investigation in the Litigation Matter demonstrate that the endorsement entitled "Continuous and Progressive Injury Limitation" is directly applicable, there would be no insurance coverage.

8. Should additional facts that are currently unknown to Atain develop during continuing discovery and investigation in the Litigation Matter implicate policy terms, conditions and exclusions which would negate any insurance coverage obligation to you, Atain reserves its rights to deny and disclaim coverage at a later date on this basis.

37.     Thereafter, Atain appointed defense counsel and has defended its insured A&A Construction in the Litigation Matter.

### (iii)    The Tender of Defense of Blue Ribbon and Notice of Denial

38.     By correspondence dated April 22, 2019, Blue Ribbon tendered to Atain its defense in the Litigation Matter as an additional insured.

39.     By correspondence dated May 9, 2019. Atain denied and disclaimed any coverage obligation to Blue Ribbon because:

1. Blue Ribbon is not a named insured, additional insured, or otherwise defined as an insured, under policy LGBGL455961R1 and LGBGL455961R2, therefore there is no coverage under that policy for Blue Ribbon for any and all allegations of damage set forth in the Litigation Matter.

2. Any additional insured coverage claimed under policy number LGBGL455961, which contains the endorsement entitled "Additional Insured-Designated Person or Organization" ceased upon the conclusion of A&A Construction's work at the Project, and no evidence has been provided indicating that damages occurred during A&A Construction's ongoing operations.

3. Any additional insured coverage claimed under policy number LGBGL455961R2, (which Atain denies) which contains the endorsement entitled "Additional Insured -Owners, Lessees or Contractors-Automatic Status When Required in Construction Contract With You" ceased upon the conclusion of A&A Construction's work at the Project.

4. Exclusions B(1) and B(2) under the endorsement entitled "Additional Insured - Owners, Lessees or Contractors-Automatic Status When Required in Construction Contract With You" contained in policy number LGBGL455961R2, are directly

applicable and negate insurance coverage for damages arising from the Named Insured's completed operations.

5. There is no allegation of "property damage" caused by an "occurrence" and taking place during any of the Atain policy periods. Consequently, the insuring agreement of each policy is not triggered and there is no coverage for Blue Ribbon.

6. Claims for breach of contract, breach of warranty, do not seek damages because of "property damage" caused by an "occurrence" as those terms are defined by the Atain policies and there can be no insurance coverage for any and all allegations of such damage set forth in the Litigation Matter.

7. Claims for repairs or replacement of Blue Ribbon's defective work, do not seek damages because of "property damage" caused by an "occurrence" as those terms are defined by the Atain policies and there can be no insurance coverage for any and all allegations of such damage set forth in the Litigation Matter.

8. Under Coverage A, Exclusion 2(b) ("Contractual Liability"), as amended by endorsement is directly applicable and negates any indemnity obligation for a contractual indemnity claim.

9. Under Coverage A, Exclusion 2(a) ("Expected or Intended Injury") is directly applicable to negate coverage for claims for breach of contract, breach of warranty, and breach of contract to procure insurance coverage and there is no insurance coverage for any and all allegations of such damage set forth in the Litigation Matter.

10. Under Coverage A, Exclusions 2(j) (5) ("Damage To Property") and 2(j) (6) ("Damage To Property") are directly applicable and negate coverage for claims asserted in the Litigation Matter which seek damages for property damage caused by your ongoing operations and there is no insurance coverage for any and all allegations of such damage set forth in the Litigation Matter.

11. Under Coverage A, Exclusions (2) (k) ("Damage to Your Product') and 2(1) ("Damage To Your Work") are directly applicable and negate coverage for claims asserted in the Litigation Matter.

12. The endorsement entitled "Continuous and Progressive Injury Limitation" is directly applicable and negates insurance coverage for claims asserted in the Litigation Matter

## IV. THE POLICIES OF INSURANCE ISSUED BY PLAINTIFF TO C&A CONSTRUCTION, THE TENDER OF DEFENSE AND RESPONSES OF PLAINTIFF

### (i)    The Policies

40.    Atain issued a general liability insurance, Policy, number LGBGL64886 to C&A Construction, of Neptune, NJ, as named insured for the period of May 9, 2008 through May 9, 2009.

41.     That policy was renewed under Policy, number LGBGL64887R1, issued for the period of May 9, 2009 through May 9, 2010, but was cancelled effective October 2, 2009.

42.     The policy provides in pertinent part:

## SECTION I – COVERAGES

### COVERAGE A: BODILY INJURY AND
### PROPERTY DAMAGE LIABILITY

1.      Insuring Agreement

a.      We will pay those sums that the Insured becomes legally obligated to pay as damages because of "bodily injury" or property damage" to which this insurance applies. We will have the right and duty to defend the Insured against any "suit" seeking those damages. However, we will have no duty to defend the Insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result.  …

b.      This insurance applies to "bodily injury" and "property damage" only if:

(1)     The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";

(2)     The "bodily injury" or "property damage" occurs during the policy period; and

(3)     Prior to the policy period, no insured listed under Paragraph 1 of Section II – Who is An Insured and no "employee" authorized by you to give or receive notice of an "occurrence" or claim, knew that the "bodily injury" or "property damage" had occurred, in whole or in part. If such a listed insured or authorized "employee" knew, prior to the policy period, that the "bodily injury" or "property damage" occurred, then any continuation, change or resumption of such "bodily injury" or "property damage" during or after the policy period will be deemed to have been known prior to the policy period.

c.      "Bodily injury" or "property damage" which occurs during the policy period and was not, prior to the policy period, known to have occurred by any Insured listed under Paragraph 1. of Section II – Who Is An Insured or any "employee" authorized by you to give or receive notice of an "occurrence" or claim, includes any continuation, change or resumption of that "bodily injury" or "property damage" after the end of the policy period.

d.      "Bodily injury" or "property damage" will be deemed to have been known to have occurred at the earliest time when any insured listed under Paragraph 1. of Section II – Who is An Insured or any "employee" authorized by you to give or receive notice of an "occurrence" or claim:

(1)     Reports all, or any part, of the "bodily injury" or "property damage" to us or any other insurer;

(2)     Receives a written or verbal demand or claim for damages because of the "bodily injury" or "property damage"; or

(3)     Becomes aware by any other means that "bodily injury" or "property damage" has occurred or has begun to occur.

43.     The term "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

44.     The term "Property damage" means:

a.      Physical injury to tangible property, including all resulting loss of use of that property.  All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or

b.      Loss of use of tangible property that is not physically injured.  All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it….

45.     There policy forms contain the following exclusions:

Exclusions

This Insurance does not apply to:

### a.     Expected Or Intended Injury

"Bodily injury" or "property damage" expected or intended from the standpoint of the insured.  This exclusion does not apply to "bodily injury" resulting from the use of reasonable force to protect persons or property.

### b.     Contractual Liability

"Bodily injury" or "property damage" for which the insured is obligated to pay damages by reason of the assumption of liability in a contract or agreement.  This exclusion does not apply to liability for damages:

(1)     That the insured would have in the absence of the contract or agreement; or

(2)     Assumed in a contract or agreement that is an "insured contract", provided the "bodily injury" or "property damage" occurs subsequent to the execution of the contract or agreement.  Solely for the purposes of liability assumed in an "insured contract," reasonable attorney fees and necessary litigation expenses incurred by or for a party other than an insured are deemed to be damages because of "bodily injury" or "property damage", provided:

28

(a)     Liability to such party for, or for the cost of, that party's defense has also been assumed in the same "insured contract;"

(b)     Such attorney fees and litigation expenses are for defense of that party against a civil or alternative dispute resolution proceeding in which damages to which this insurance applies are alleged.

> **j.     Damage to Property**
>
> "Property damage" to:

\*\*\*

**(5)**     That particular part of real property on which you or any contractors or subcontractors working directly or indirectly on your behalf are performing operations, if the "property damage" arises out of those operations; or

**(6)**     That particular part of any property that must be restored, repaired or replaced because "your work" was incorrectly performed on it.

\*\*\*

Paragraph (6) of this exclusion does not apply to "property damage" included in the "products-completed operations hazard".

> **k.     Damage To Your Product**

"Property damage" to "your product" arising out of it or any part of it.

> **l.     Damage To Your Work**

"Property damage" to "your work" arising out of it or any part of it and included in the "products-completed operations hazard".

This exclusion does not apply if the damaged work or the work out of which the damage arises was performed on your behalf by a sub-contractor.

46.     The policy forms were each amended by endorsement CG 24 26 (07/04), wherein the term "insured contract" is defined in part to mean:

> That part of any other contract or agreement pertaining to Your business…under which you assume the tort liability of another party to pay for "bodily injury" or "property damage" to a third person or organization, provided the "bodily injury" or "property damage" is caused, in whole or in part, by you… Tort liability means liability that would be imposed by law in the absence of any contract or agreement…

47.     The following coverage limitation was added by endorsement to each policy:

**Continuous and Progressive Injury Limitation**

A.     This insurance does not apply to the following, which is added to the EXCLUSIONS:

All … "property damage",… that first becomes actually or constructively known to any person prior to the effective date or after the expiration of this policy regardless of whether there is repeated or continued exposure during the period of the policy or whether the injury or damage continues, progresses or deteriorates during the term of the policy.

***

C.     Within the meaning of this endorsement, injury or damage is apparent when appreciable harm occurs that is or should be known to the insured, the person or organization harmed.

48.     Each policy contains an exclusion for damages arising from exterior insulation & finish systems:

**Exterior Insulation and Finish System (EIFS)**

This insurance does not apply to …"property damage" … arising out of:

1.     The design, manufacturer, construction, fabrication, preparation, installation, application, maintenance or repair, including remodeling, service, correction or replacement of any " exterior insulation and finish system" or any part thereof, including the application or use of conditioners, primers, accessories, flashing, coatings, caulking or sealants in connection with such system; or

2.     Any work or operations with respect to any exterior component, fixture or feature of any structure if an " exterior insulation and finish system" is used on any part of that structure.

This exclusion applies to "work" or "your work" as described in the above Paragraphs 1. Or 2. That is performed by you or on your behalf.

49.     Both policies are amended to include the following endorsement:

**FUNGI OR BACTERIA EXCLUSION CG 21 67 12 04**

This endorsement modifies insurance provided under the following: COMMERCIAL GENERAL LIABILITY COVERAGE PART

C. The following exclusion is added to Paragraph **2. Exclusions of Section I — Coverage A — Bodily Injury and Property Damage Liability:**

2.     Exclusions

This insurance does not apply to:

**Fungi or Bacteria**

30

D. "Bodily injury" or "property damage" which would not have occurred, in whole or in part, but for the actual, alleged or threatened inhalation of, ingestion of, contract with, exposure to, existence of, or presence of, any "fungi" or bacteria on or within a building or structure, including its contents, regardless of whether any other cause, event, material or product contributed concurrently or in any sequence to such injury or damage.

E. Any loss, cost or expenses arising out of the abating, testing for, monitoring, cleaning up, removing, containing, treating, detoxifying, neutralizing, remediating or disposing of, or in any way responding to, or assessing the effects of, "fungi" or bacteria, by any insured or by any other person or entity.

This exclusion does not apply to any "fungi" or bacteria that are, are on, or are contained in, a good or product intended for bodily consumption.

C.      The following definition is added to the **Definitions** Section:

"Fungi" means any type or form of fungus, including mold or mildew and any mycotoxins, spores, scents or byproducts produced or released by fungi.

50.     Each policy also contains the following exclusion:

**Punitive or Exemplary Damages Exclusion**

This insurance does not apply to punitive or exemplary damages, fines or penalties. If a covered "suit" is brought against the Insured, seeking both compensatory, and punitive or exemplary damages, fines, or penalties, then we will afford defense to such action, without liability, for such punitive or exemplary damages, fines or penalties.

51.     Each policy contains the following coverage endorsement CG 20 33 (07/04):

**"ADDITIONAL INSURED – OWNERS, LESSEES, CONTRACTORS – AUTOMATIC
STAY WHEN REQUIRED IN CONSTRUCTION CONTRACT WITH YOU"**

**Section II-Who Is An Insured** is amended to include as an additional insured any person or organization for whom you are performing operations when you and such person or organization have agreed in writing in a contract or agreement that such person or organization be added as an additional insured on your policy. Such person or organization is an additional insured only with respect to liability for … "property damage"…caused in whole or in part, by:

1.      Your acts or omissions, or

2.      The acts or omissions of those acting on your behalf,

In the performance of your ongoing operations for the additional insured.

A person's or organization's status as an additional insured under this endorsement ends when your operations for that additional insured are completed.

B. With respect to the insurance afforded to these additional insureds the following additional exclusions apply:

***

This insurance does not apply to "property damage"…occurring after:

1. All work…on the project (other than service, maintenance or repairs) to be performed by or on behalf of the additional insured(s) at the location of the covered operations has been completed; or

2. That portion of "your work" out of which the injury or damage arises has been put to its intended use by any person…

52.     The Defendant Blue Ribbon obtained a court order permitting substituted service upon the subcontractor C&A Construction through service upon its general liability insurers.

**(ii)     The Tender of Defense by C&A Construction And Atain's Response by Notice of Partial Denial and Reservation of Rights**

53.     Blue Ribbon Served the Fourth Party Complaint upon C&A Construction be delivering a copy of the Complaint to Atain.

54.     Upon receipt of the Complaint in substituted service, Atain issued a June 5, 2019 Notice of Partial Denial and Disclaimer of Coverage and Reservation of Rights which denied and disclaimed any coverage obligation to C&A Construction because:

1. A breach of contract to procure insurance coverage is not a claim for "bodily injury" or "property damage" arising from an "occurrence" and thus does not trigger the policy insuring agreement.

2. Under Coverage A, Exclusion 2(b) ("Contractual Liability"), is directly applicable and negates any indemnity obligation for a contractual indemnity claim.

55.     In that June 5, 2019 correspondence Atain further reserved its rights to deny and disclaim all coverage at a later date for the following reasons:

3. Should additional facts that are currently unknown to Atain develop during continuing discovery and investigation in the Litigation Matter demonstrate that there is no allegation of property damage caused by an occurrence and taking place during the Atain policy periods, the insuring agreement of each policy would not triggered and there would be no coverage.

4. Should additional facts that are currently unknown to Atain develop during continuing discovery and investigation in the Litigation Matter demonstrate that

32

Coverage A, exclusion 2(a) ("Expected or Intended Injury) is directly applicable, there would be no insurance coverage.

5. Should additional facts that are currently unknown to Atain develop during continuing discovery and investigation in the Litigation Matter demonstrate that Under Coverage A, exclusion 2(b) ("Contractual Liability") is directly applicable, there would be no insurance coverage.

6. Should additional facts that are currently unknown to Atain develop during continuing discovery and investigation in the Litigation Matter demonstrate that under Coverage A, exclusions J(5) and i(6)("Damage to Property") are directly applicable there would be no insurance coverage.

7. Should additional facts that are currently unknown to Atain develop during continuing discovery and investigation in the Litigation Matter demonstrate that under Coverage A exclusions k("Damage to Your Product") and ("Damage to Your Work")are directly applicable, there would be no insurance coverage.

9. Should additional facts that are currently unknown to Atain develop during continuing discovery and investigation in the Litigation Matter demonstrate that the endorsement entitled "Fungi or Bacteria Exclusion" is directly applicable, there would be no insurance coverage for any mold related claims.

10. Should additional facts that are currently unknown to Atain develop during continuing discovery and investigation in the Litigation Matter demonstrate that the endorsement entitled "Exterior Insulation and Finish System (EIFS)" is directly applicable, there would be no insurance coverage.

11. Should additional facts that are currently unknown to Atain develop during continuing discovery and investigation in the Litigation Matter demonstrate that the endorsement entitled "Continuous and Progressive Injury Limitation" is directly applicable, there would be no insurance coverage.

12. Should additional facts that are currently unknown to Atain develop during continuing discovery and investigation in the Litigation Matter implicate policy terms, conditions and exclusions which would negate any insurance coverage obligation to you, Atain reserves its rights to deny and disclaim coverage at a later date on this basis

56.     Thereafter, Atain appointed defense counsel and has defended its insured C&A Construction in the Litigation Matter.

### (iii)   The Tender of Defense of Blue Ribbon and the Atain Issuance of a Notice of Denial and Disclaimer

57.     By correspondence dated March 21, 2019, Blue Ribbon tendered to Atain its defense in the Litigation Matter as an additional insured.

33

58. By correspondence dated June 5, 2019. Atain denied and disclaimed any coverage obligation to Blue Ribbon because:

1. Blue Ribbon is not a named insured, additional insured, or otherwise defined as an insured, and therefore there is no coverage for Blue Ribbon for any and all allegations of damage set forth in the Litigation Matter under either policy.

2. Any additional insured coverage claimed (which Atain denies) under the endorsement entitled "Additional Insured-Owners, Lessees or Contractors Automatic Status When Required in Construction Contract With You" ceased upon the conclusion of C&A Construction's work at the Project.

3. Exclusions B(1) and B(2) under the endorsement entitled "Additional Insured-Owners, Lessees or Contractors-Automatic Status When Required in Construction Contract With You" are directly applicable and negate insurance coverage for damages arising from the Named Insured's completed operations.

4. There is no allegation of "property damage" caused by an "occurrence" and taking place during the Atain policy periods. Consequently, the insuring agreement of each policy is not triggered and there is no coverage for Blue Ribbon.

5. Under Coverage A, policy exclusion 2(a) ("Expected or Intended Injury") is directly applicable and negates insurance coverage for the claims asserted against Blue Ribbon.

6. Under Coverage A, policy exclusion 2 (b) ("Contractual Liability") is directly applicable and negates insurance coverage for the claims asserted against Blue Ribbon.

7. Under Coverage A, policy exclusions J (5) and (6) ("Damage to Property") are directly applicable and negate insurance coverage for the claims asserted against Blue Ribbon.

8. Under Coverage A, exclusions k ("Damage to Your Product") and I ("Damage to Your Work") are directly applicable and negate insurance coverage for the claims asserted against Blue Ribbon.

9. The endorsement entitled "Fungi or Bacteria Exclusion" is directly applicable and negates insurance coverage for any mold related claims.

10. The endorsement entitled "Exterior Insulation and Finish System (EFIS)" is directly applicable and negates insurance coverage for Blue Ribbon.

11. The endorsement entitled "Continuous and Progressive Injury Limitation" is directly applicable and negates insurance coverage for Blue Ribbon.

## V.  THE POLICIES ISSUEDBY PLAINTIFF TO DEFENDANT ALL ROOFING, THE TENDER OF DEFENSE AND RESPONSE BY PLAINTIFF

### (i)  The Policies

59.     Atain issued its policy of general liability insurance Policy Number LGBGL45661, to "Brothers All Roofing/Domingo Ortiz" of Lakewood, for the policy period of March 1, 2006 through March 1, 2007.

60.     The policy provides in pertinent part:

## SECTION I – COVERAGES

### COVERAGE A BODILY INJURY AND
### PROPERTY DAMAGE LIABILITY

1.     Insuring Agreement

a.     We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies.  We will have the right and duty to defend the insured against any "suit" seeking those damages.  However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply.  We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result.  But:

(1)     The amount we will pay for damages is limited as described in Section III – Limits Of Insurance; and

(2)     Our right and duty to defend ends when we have used up the applicable limit of insurance in the payment of judgments or settlements under Coverages A or B or medical expenses under Coverage C.

No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments – Coverages A and B.

b.     This insurance applies to "bodily injury" and "property damage" only if:

(1)     The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";

(2)     The "bodily injury" or "property damage" occurs during the policy period; and

(3)     Prior to the policy period, no insured listed under Paragraph 1. of Section II – Who Is An Insured and no "employee" authorized by you to give or receive notice of any "occurrence" or claim, knew that the "bodily injury" or "property damage" had occurred, in whole or in part.  If such a listed insured or authorized "employee" knew, prior to the policy period, that the "bodily injury" or "property damage" occurred, then any continuation, change or resumption of such "bodily injury"  or "property damage" during or after the policy period will be deemed to have been known prior to the policy period.

c.     "Bodily injury" or "property damage" which occurs during the policy period and was not, prior to the policy period, known to have occurred by any insured listed under Paragraph 1. of Section II – Who Is An Insured or any "employee" authorized

by you to give or receive notice of an "occurrence" or claim, includes any continuation, change or resumption of that "bodily injury" or "property damage" after the end of the policy period.

d.      "Bodily injury" or "property damage" will be deemed to have been known to have occurred at the earliest time when any insured listed under Paragraph 1. of Section II – Who Is An Insured or any "employee" authorized by you to give or receive notice of an "occurrence" or claim:

(1)      Reports all, or any part, of the "bodily injury" or "property damage" to us or any other insurer;

(2)      Receives a written or verbal demand or claim for damages because of the "bodily injury" or "property damage"; or

(3)      Becomes aware by any other means that "bodily injury" or "property damage" has occurred or has begun to occur.

e.      Damages because of "bodily injury" include damages claimed by any person or organization for care, loss of services or death resulting at any time from the "bodily injury".

61.      The term "Occurrence" means an accident, including continuous or repeated exposure

to substantially the same general harmful conditions.

62.      The term "Property damage" means:

a.      Physical injury to tangible property, including all resulting loss of use of that property.  All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or

b.      Loss of use of tangible property that is not physically injured.  All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it….

63.      The following exclusions are contained in the coverage form:

**Exclusions**

This insurance does not apply to:

a.      Expected Or Intended Injury

"Bodily injury" or "property damage" expected or intended from the standpoint of the insured.  This exclusion does not apply to "bodily injury" resulting from the use of reasonable force to protect persons or property.

b.      Contractual Liability

"Bodily injury" or "property damage" for which the insured is obligated to pay damages by reason of the assumption of liability in a contract or agreement.  This exclusion does not apply to liability for damages:

36

(1)     That the insured would have in the absence of the contract or agreement; or

(2)     Assumed in a contract or agreement that is an "insured contract", provided the "bodily injury" or "property damage" occurs subsequent to the execution of the contract or agreement.  Solely for the purposes of liability assumed in an "insured contract," reasonable attorney fees and necessary litigation expenses incurred by or for a party other than an insured are deemed to be damages because of "bodily injury" or "property damage", provided:

(a)     Liability to such party for, or for the cost of, that party's defense has also been assumed in the same "insured contract;"

(b)     Such attorney fees and litigation expenses are for defense of that party against a civil or alternative dispute resolution proceeding in which damages to which this insurance applies are alleged.

j.  Damage To Property

"Property damage" to:

\*\*\*

(5)     That particular part of real property on which you or any contractors or subcontractors working directly or indirectly on your behalf are performing operations, if the "property damage" arises out of those operations; or


(6)     That particular part of any property that must be restored, repaired or replaced because "your work" was incorrectly performed on it.

\*\*\*

Paragraph (6) of this exclusion does not apply to "property damage" included in the "products-completed operations hazard".

k.  Damage To Your Product

"Property damage" to "your product" arising out of it or any part of it.

l.  Damage To Your Work

"Property damage" to "your work" arising out of it or any part of it and included in the "products-completed operations hazard".

This exclusion does not apply if the damaged work or the work out of which the damage arises was performed on your behalf by a sub-contractor.

64.     The policy form was amended by endorsement CG 24 26 (07/04), which provides:

**AMENDMENT OF INSURED CONTRACT DEFINITION**

This endorsement modifies insurance provided under the following:

That part of any other contract or agreement pertaining to Your business…under which you assume the tort liability of another party to pay for "bodily injury" or "property damage" to a third person or organization, provided the "bodily injury" or "property damage" is caused, in whole or in part, by you… Tort liability means liability that would be imposed by law in the absence of any contract or agreement…

65.     The policy also contains the following Endorsement:

## CONTRACTUAL LIABILITY LIMITATION

This Endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART
PRODUCTS/COMPLETED OPERATIONS LIABILITY COVERAGE PART

The definition of "insured contact" in the DEFINITIONS Section is replaced by the following:

"Insured Contract" means:

a.      A contract for a lease of premises.  However, that portion of the contract for a lease of premises that indemnifies any person or organization for damage by fire to premises while rented to you or temporarily occupied by you with permission of the owner is not an "insured contract";

b.      A sidetrack agreement;

c.      Any easement or license agreement, except in connection with construction or demolition operations on or within 50 feet of a railroad;

d.      An obligation, as required by ordinance, to indemnify a municipality, except in connection with work for a municipality;

e.      An elevator maintenance agreement.

**(i)     The Tender of Defense of All Brothers by Atain and the Issuance of a Notice of Partial Denial and Disclaimer and Reservation of Rights**

66.     The Defendant Blue Ribbon obtained a court order permitting substituted service upon the subcontractor Brother's All Roofing through service upon its general liability insurers.

67.     Blue Ribbon Served the Fourth Party Complaint upon Brothers All Roofing be delivering a copy of the Complaint to Atain.

68.     Upon receipt of the Complaint in substituted service, Atain issued a May 13, 2019 Notice of Partial Denial and Disclaimer of Coverage and Reservation of Rights which denied and disclaimed any coverage obligation to Brothers All Roofing because:

> 1. Claims for breach of contract, breach of warranty, and breach of contract to procure insurance coverage do not seek damages because of "property damage" caused by an "occurrence" as those terms are defined by the Atain policies and there can be no insurance coverage for any and all allegations of such damage set forth in the Litigation Matter.

> 2. Under Coverage A, Exclusion 2(a) ("Expected or Intended Injury") is directly applicable to negate coverage for claims for breach of contract, breach of warranty, and breach of contract to procure insurance coverage and there is no insurance coverage for any and all allegations of such damage set forth in the Litigation Matter.

> 3. Under Coverage A, Exclusion 2(b) ("Contractual Liability"), is directly applicable and negates any indemnity obligation for a contractual indemnity claim.

> 4. Under Coverage A, Exclusions 2(j) (5) ("Damage To  Property") and 2(j) (6) ("Damage To  Property") are directly applicable and negate coverage for claims asserted in the Litigation Matter which seek damages for property damage caused by your ongoing operations and there is no insurance coverage for any and all allegations of such damage set forth in the Litigation Matter.

> 5. Under Coverage A, Exclusions (2) (k) ("Damage to Your Product") and 2(l) ("Damage To Your Work") are directly applicable and negate coverage for claims asserted in the Litigation Matter.

69.     In that May 13, 2019 correspondence Atain further reserved its rights to deny and disclaim all coverage at a later date for the following reasons:

> 6. Should additional facts that are currently unknown to Atain develop during continuing discovery and investigation in the Litigation Matter  demonstrate that there is no allegation of "property damage" caused by an "occurrence" and taking place during the Atain policy periods, the insuring agreement of each policy would not triggered and there would be no coverage.

> 7. Should additional facts that are currently unknown to Atain develop during continuing discovery and investigation in the Litigation Matter implicate policy terms, conditions and exclusions which would negate any insurance coverage obligation to you, Atain reserves its rights to deny and disclaim coverage at a later date on this basis.

70.     Thereafter, Atain appointed defense counsel and has defended its insured Brothers All Roofing in the Litigation Matter.

(iii)   **The Tender of Defense of Blue Ribbon and the Issuance of a Notice of Denial and Disclaimer of Coverage**

71.     By correspondence dated April 22, 2019, Blue Ribbon tendered to Atain its defense in the Litigation Matter as an additional insured.

73.     By correspondence dated May 13, 2019. Atain denied and disclaimed any coverage obligation to Blue Ribbon because:

1. Blue Ribbon is not a named insured, additional insured, or otherwise defined as an insured, under the policy, therefore there is no coverage under that policy for Blue Ribbon for any and all allegations of damage set forth in the Litigation Matter.

2. There is no allegation of "property damage" caused by an "occurrence" and taking place during the Atain policy period. Consequently, the insuring agreement of the policy is not triggered and there is no coverage for Blue Ribbon

3. Claims for breach of contract, breach of warranty, do not seek damages because of "property damage" caused by an "occurrence" as those terms are defined by the Atain policy and there can be no insurance coverage for any and all allegations of such damage set forth in the Litigation Matter.

4. Claims for repairs or replacement of Blue Ribbon's defective work, do not seek damages because of "property damage" caused by an "occurrence" as those terms are defined by the Atain policy and there can be no insurance coverage for any and all allegations of such damage set forth in the Litigation Matter.

5. Under Coverage A, Exclusion 2(b) ("Contractual Liability"), as amended by endorsement is directly applicable and negates any indemnity obligation for a contractual indemnity claim.

6. Under Coverage A, Exclusion 2(a) ("Expected or Intended Injury") is directly applicable to negate coverage for claims for breach of contract, breach of warranty, and breach of contract to procure insurance coverage and there is no insurance coverage for any and all allegations of such damage set forth in the Litigation Matter.

7. Under Coverage A, Exclusions 2(j) (5) ("Damage To Property") and 2(j) (6) ("Damage To  Property") are directly applicable and negate coverage for claims asserted in the Litigation Matter which seek damages for property damage caused by your ongoing operations and there is no insurance coverage for any and all allegations of such damage set forth in the Litigation Matter.

8. Under Coverage A, Exclusions (2) (k) ("Damage to Your Product") and 2(l) ("Damage To Your Work") are directly applicable and negate coverage for claims asserted in the Litigation Matter.

## VI.   THE POLICIES ISSUED BY PLAINTIFF TO DEFENDANT BENITO O ROOFING, THE TENDER OF DEFENSE AND PLAINTIFF'S RESPONSE

**(i)    The Policies**

74.    Atain issued its policy of general liability insurance Policy Number No LGBGL64888, to "Benito O Roofing" for the policy period of May 13, 2008 through May 13, 2009.

75.    That initial policy was renewed through policy No LGBGL64888R1, issued for the policy period of May 13, 2009 through May 13, 2010.

76.    Each Atain policy issued provides in pertinent part:

**SECTION I – COVERAGES**

**COVERAGE A: BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

1.    Insuring Agreement

a.    We will pay those sums that the Insured becomes legally obligated to pay as damages because of "bodily injury" or property damage" to which this insurance applies. We will have the right and duty to defend the Insured against any "suit" seeking those damages. However, we will have no duty to defend the Insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply.  We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result.  …

b.    This insurance applies to "bodily injury" and "property damage" only if:

(1)    The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";

(2)    The "bodily injury" or "property damage" occurs during the policy period; and

(3)    Prior to the policy period, no insured listed under Paragraph 1 of Section II – Who is An Insured and no "employee" authorized by you to give or receive notice of an "occurrence" or claim, knew that the "bodily injury" or "property damage" had occurred, in whole or in part. If such a listed insured or authorized "employee" knew, prior to the policy period, that the "bodily injury" or "property damage" occurred, then any continuation, change or resumption of such "bodily injury" or "property damage" during or after the policy period will be deemed to have been known prior to the policy period.

c.    "Bodily injury" or "property damage" which occurs during the policy period and was not, prior to the policy period, known to have occurred by any Insured listed under Paragraph 1. of Section II – Who Is An Insured or any "employee" authorized by you to give or receive notice of an "occurrence" or claim, includes any continuation,

4831-8193-2501, v. 3

change or resumption of that "bodily injury" or "property damage" after the end of the policy period.

d.      "Bodily injury" or "property damage" will be deemed to have been known to have occurred at the earliest time when any insured listed under Paragraph 1. of Section II – Who is An Insured or any "employee" authorized by you to give or receive notice of an "occurrence" or claim:

(1)      Reports all, or any part, of the "bodily injury" or "property damage" to us or any other insurer;

(2)      Receives a written or verbal demand or claim for damages because of the "bodily injury" or "property damage"; or

(3)      Becomes aware by any other means that "bodily injury" or "property damage" has occurred or has begun to occur.

77.      The term "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

78.      The term "Property damage" means:

a.      Physical injury to tangible property, including all resulting loss of use of that property.  All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or

b.      Loss of use of tangible property that is not physically injured.  All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it….

79.      The following exclusions are contained in the policy forms:

**2.      Exclusions**

This Insurance does not apply to:

**a.      Expected Or Intended Injury**

"Bodily injury" or "property damage" expected or intended from the standpoint of the insured.  This exclusion does not apply to "bodily injury" resulting from the use of reasonable force to protect persons or property.

**b.      Contractual Liability**

"Bodily injury" or "Property damage" for which the insured is obligated to pay damages by reason of the assumption of liability in a contract or agreement. This Exclusion does not apply to liability for damages:

(1) That the insured would have in the absence of the contract or agreement, or

(2)   Assumed in a contract or agreement that is an "insured contract," provided the "bodily injury" or "property damage" occurs subsequent to the execution of the contract or agreement…

**J.      "Property damage" to:**

*\*\*\**

**(5)**   That particular part of real property on which you or any contractors or subcontractors working directly or indirectly on your behalf are performing operations, if the "property damage" arises out of those operations; or

**(6)**   That particular part of any property that must be restored, repaired or replaced because "your work" was incorrectly performed on it.

*\*\*\**

Paragraph (6) of this exclusion does not apply to "property damage" included in the "products-completed operations hazard".

**k.      Damage To Your Product**

"Property damage" to "your product" arising out of it or any part of it.

**l.      Damage To Your Work**

"Property damage" to "your work" arising out of it or any part of it and included in the "products-completed operations hazard".

This exclusion does not apply if the damaged work or the work out of which the damage arises was performed on your behalf by a sub-contractor.

80.      Each policy was amended by endorsement CG 24 26 07 04, which provides:

**AMENDMENT OF INSURED CONTRACT DEFINITION**

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART
PRODUCTS/COMPLETED OPERATIONS LIABILITY COVERAGE PART

The definition of "insured contract" in the Definitions section is replaced by the following:

"Insured contract" means:

f.      That part of any other contract or agreement pertaining to your business (including an indemnification of a municipality in connection with work performed for a municipality) under which you assume the tort liability of another party to pay for "bodily injury" or "property damage" to a third person or organization, provided the "bodily injury" or "property damage" is caused, in whole or in part, by you or by those

43

acting on your behalf.  However, such part of a contract or agreement shall only be considered an "insured contract" to the extent by law.  Tort liability means a liability that would be imposed by law in the absence of any contract or agreement.

81.     The following exclusion was added by endorsement to each policy:

## FUNGI OR BACTERIA EXCLUSION CG 21 67 12 04

This endorsement modifies insurance provided under the following: COMMERCIAL GENERAL LIABILITY COVERAGE PART

C. The following exclusion is added to Paragraph **2. Exclusions of Section I — Coverage A — Bodily Injury and Property Damage Liability:**

2.     Exclusions

This insurance does not apply to:

**Fungi or Bacteria**

D. "Bodily injury" or "property damage" which would not have occurred, in whole or in part, but for the actual, alleged or threatened inhalation of, ingestion of, contract with, exposure to, existence of, or presence of, any "fungi" or bacteria on or within a building or structure, including its contents, regardless of whether any other cause, event, material or product contributed concurrently or in any sequence to such injury or damage.

E. Any loss, cost or expenses arising out of the abating, testing for, monitoring, cleaning up, removing, containing, treating, detoxifying, neutralizing, remediating or disposing of, or in any way responding to, or assessing the effects of, "fungi" or bacteria, by any insured or by any other person or entity.

This exclusion does not apply to any "fungi" or bacteria that are, are on, or are contained in, a good or product intended for bodily consumption.

C.     The following definition is added to the **Definitions** Section:

"Fungi" means any type or form of fungus, including mold or mildew and any mycotoxins, spores, scents or byproducts produced or released by fungi.

82.     The following exclusion was added by endorsement to each policy:

## EXTERIOR INSULATION AND FINISH SYSTEM (EIFS) EXCLUSION (USF 3397 (12/05))

This insurance does not apply to "bodily injury", "property damage" or "personal and advertising injury" arising out of:

1.     The design, manufacturer, construction, fabrication, preparation, distribution and sale, installation, application, maintenance or repair, including remodeling, service, correction or replacement of any "exterior insulation and finish system" or any part

thereof, or any substantially similar system or any part thereof, including the application or use of conditioners, primers, accessories, flashing, coatings, caulking or sealants in connection with such system; or

2. Any work or operations with respect to any exterior component, fixture or feature of any structure if an "exterior insulation and finish system" is used on any part of that structure;

This exclusion applies to "work" or "your work" as described in the above Paragraphs 1 or 2 that is performed by you or on your behalf.

For the purposes of this endorsement, an "exterior insulation and finish system"(also known as synthetic stucco) means a non-load bearing exterior cladding or finish system, and all component parts therein, used on any part of any structure and consisting of:

1.      Rigid or semi-rigid insulation board made of expanded polystyrene and other materials;
2.      The adhesive and/or mechanical fasteners used to attach the insulation board to the substrate;
3.      Reinforced or unreinforced base coat; and
4.      A finish coat providing surface texture to which color.

83.    The following exclusion was added by endorsement to each policy:

## CONTINUOUS AND PROGRESSIVE INJURY LIMITATION (ICIL 1130 (06/97)).

A.      The insurance does not apply to the following, which is added to the EXCLUSIONS:

All "bodily injury," "property damage,"…that first becomes actually or constructively known to any person prior to the effective date or after the expiration of this policy regardless of whether there is repeated or continued exposure during the period of the policy or whether the injury or damage continues, progresses or deteriorates during the term of the policy.

B.      If this policy extends for more than one annual period, then the following applies:

1.      The most we will pay for "bodily injury," "property damage"…that is continuous or progressively deteriorating, and that is first apparent during one of the periods of this policy, is the applicable limit of insurance available with respect to that one policy.

                                        ***

C.      Within the meaning of this endorsement, injury or damage is apparent when appreciable harm occurs that is or should be known to the insured, the person, or organization harmed.

84.     The following exclusion was added by endorsement to each policy:

**PUNITIVE OR EXEMPLARY DAMAGES EXCLUSION**

This insurance does not apply to punitive or exemplary damages, fines or penalties.  If a covered "suit" is brought against the insured, seeking both compensatory and punitive or exemplary damages, fines and penalties, then we will afford defense to such action, without liability, for such punitive or exemplary damages, fines or penalties.

85.     Each policy contains endorsement, CG 20 33 (07/04) which provides in pertinent part:

**ADDITIONAL INSURED - OWNERS, LESSEES OR CONTRACTORS - AUTOMATIC STATUS WHEN REQUIRED IN CONSTRUCTION AGREEMENT WITH YOU**

**A. Section II - Who Is An Insured** - is amended to include as an additional insured any person or organization for whom you are performing operations when you and such a person or organization have agreed in writing in a contract or agreement that such person or organization be added as an additional insured on your policy. Such person or organization is an additional insured only with respect to liability for "bodily injury," "property damage"…caused in whole or in part by:

1.      Your acts or omissions; or

2.      The acts or omissions of those acting on your behalf;

in the performance of your ongoing operations for the additional insured.

A person's or organization's status as an additional insured under this endorsement ends when your operations for that additional insured are completed.

B.      With respect to the insurance afforded to these additional insureds, the following additional exclusions apply:
                                        ***
2.      "Bodily injury or "property damage" occurring after:

a.      All work, including materials, parts or equipment furnished in connection with such work, on the project (other than service, maintenance or repairs) to be performed by or on behalf of the additional insured(s) at the location of the covered operations has been completed; or

b.      That portion of "your work" out of which the injury or damage arises has been put to its intended use by any person or organization other than another contractor or subcontractor engaged in performing operations for a principal as a part of the same project.

**(i)     The Tender of Defense of Benito Roofing and the Issuance of a Partial Denial and Reservation of Rights**

46

86.     The Defendant Blue Ribbon obtained a court order permitting substituted service upon the subcontractor Benito O Roofing through service upon its general liability insurers.

87.     Blue Ribbon Served the Fourth Party Complaint upon Benito O Roofing by delivering a copy of the Complaint to Atain.

88.     Upon receipt of the Complaint in substituted service, Atain issued a May 14, 2019 Notice of Partial Denial and Disclaimer of Coverage and Reservation of Rights which denied and disclaimed any coverage obligation to Benito O Roofing because:

1. Claims for breach of contract, breach of warranty, and breach of contract to procure insurance coverage do not seek damages because of "property damage" caused by an "occurrence" as those terms are defined by the Atain policies and there can be no insurance coverage for any and all allegations of such damage set forth in the Litigation Matter.

2. Under Coverage A, Exclusion 2(a) ("Expected or Intended Injury") is directly applicable to negate coverage for claims for breach of contract, breach of warranty, and breach of contract to procure insurance coverage and there is no insurance coverage for any and all allegations of such damage set forth in the Litigation Matter.

3. Under Coverage A, Exclusions 2(j) (5) ("Damage To  Property") and 2(j) (6) ("Damage To  Property") are directly applicable and negate coverage for claims asserted in the Litigation Matter which seek damages for property damage caused by your ongoing operations and there is no insurance coverage for any and all allegations of such damage set forth in the Litigation Matter.

4. Under Coverage A, Exclusions (2) (k) ("Damage to Your Product") and 2(l) ("Damage To Your Work") are directly applicable and negate coverage for claims asserted in the Litigation Matter.

89.     In that May 14, 2019 correspondence Atain further reserved its rights to deny and disclaim all coverage at a later date for the following reasons:

5. Should additional facts that are currently unknown to Atain develop during continuing discovery and investigation in the Litigation Matter  demonstrate that there is no allegation of "property damage" caused by an "occurrence" and taking place during the Atain policy periods, the insuring agreement of each policy would not triggered and there would be no coverage.

6. Should additional facts that are currently unknown to Atain develop during continuing discovery and investigation in the Litigation Matter demonstrate that the endorsement entitled "Continuous and Progressive Injury Limitation" is directly applicable, there would be no insurance coverage.

7. Should additional facts that are currently unknown to Atain develop during continuing discovery and investigation in the Litigation Matter demonstrate that the damages claims involve a building containing an Exterior Insulation and Finish System (EIFS), then the endorsement entitled "Exterior Insulation and Finish System" (EIFS) Exclusion is directly applicable and negates insurance coverage for claims asserted in the Litigation Matter.

8. Should additional facts that are currently unknown to Atain develop during continuing discovery and investigation in the Litigation Matter demonstrate that the damages claims involve mold or fungi, then the endorsement entitled "Fungi Or Bacteria Exclusion" is directly applicable and negates insurance coverage for claims asserted in the Litigation Matter.

9. Should additional facts that are currently unknown to Atain develop during continuing discovery and investigation in the Litigation Matter implicate policy terms, conditions and exclusions which would negate any insurance coverage obligation to you, Atain reserves its rights to deny and disclaim coverage at a later date on this basis.

90.     Thereafter, Atain appointed defense counsel and has defended its insured Benito O

Roofing in the Litigation Matter.

**(iii)    The Tender of Defense of Blue Ribbon and the Issuance of a Notice of Denial and Disclaimer of Insurance Coverage**

91.     By correspondence dated April 22, 2019, Blue Ribbon tendered to Atain its defense in

the Litigation Matter as an additional insured.

92.     By correspondence dated May 14, 2019. Atain denied and disclaimed any coverage

obligation to Blue Ribbon because:

1. Blue Ribbon is not a named insured, additional insured, or otherwise defined as an insured, under either Atain policy LGBGL64888, or LGBGL64888R1, therefore there is no coverage under those policies for Blue Ribbon for any and all allegations of damage set forth in the Litigation Matter.

2. Any additional insured coverage claimed (which Atain denies) ceased upon the conclusion of Benito's work at the Project, and no evidence has been provided indicating that damages occurred during Benito's ongoing operations.

3. Exclusions B(1) and B(2) under the endorsement entitled "Additional Insured – Owners, Lessees or Contractors-Automatic Status When Required in Construction Contract With You" contained in the Atain policies are directly applicable and negate insurance coverage for damages arising from the Named Insured's completed operations.

4. There is no allegation of "property damage" caused by an "occurrence" and taking place during any of the Atain policy periods. Consequently, the insuring agreement of each policy is not triggered and there is no coverage for Blue Ribbon

5. Claims for breach of contract, breach of warranty, do not seek damages because of "property damage" caused by an "occurrence" as those terms are defined by the Atain policies and there can be no insurance coverage for any and all allegations of such damage set forth in the Litigation Matter.

6. Claims for repairs or replacement of Blue Ribbon's defective work, do not seek damages because of "property damage" caused by an "occurrence" as those terms are defined by the Atain policies and there can be no insurance coverage for any and all allegations of such damage set forth in the Litigation Matter.

7. Under Coverage A, Exclusion 2(a) ("Expected or Intended Injury") is directly applicable to negate coverage for claims for breach of contract, breach of warranty, and breach of contract to procure insurance coverage and there is no insurance coverage for any and all allegations of such damage set forth in the Litigation Matter

8. Under Coverage A, Exclusions 2(j) (5) ("Damage To  Property") and 2(j) (6) ("Damage To  Property") are directly applicable and negate coverage for claims asserted in the Litigation Matter which seek damages for property damage caused by your ongoing operations and there is no insurance coverage for any and all allegations of such damage set forth in the Litigation Matter.

9. Under Coverage A, Exclusions (2) (k) ("Damage to Your Product") and 2(l) ("Damage To Your Work") are directly applicable and negate coverage for claims asserted in the Litigation Matter.

10. The endorsement entitled "Continuous and Progressive Injury Limitation" is directly applicable and negates insurance coverage for claims asserted in the Litigation Matter.

11. The endorsement entitled "Exterior Insulation and Finish System (EIFS)" is directly applicable and negates insurance coverage for claims asserted in the Litigation Matter.

12. The endorsement entitled "Fungi Or Bacteria Exclusion" is directly applicable and negates insurance coverage for claims asserted in the Litigation Matter.

**FIRST CAUSE OF ACTION AGAINST DEFENDANTS A&A CONSTRUCITON, C&A CONSTRUCTION, BROTHERS ALL ROOFING and/or BENITO O ROOFING AND BLUE RIBBON**
**(The Policy Insuring Agreements Are Not Implicated and There Is No Coverage)**

93.      The Plaintiff repeats and realleges each of the allegations set forth in the prior

paragraphs as if set forth at length herein.

94.     The insuring agreements in each of the Atain policies issued to A&A Construction, C&A Construction, Brothers All Roofing and/or Benito O Roofing (hereinafter collectively "Atain Named Insureds") require that in order for a claim to be covered, the claim must seek damages because of "property damage" caused by an "occurrence" and the "property damage" must occur during the respective Atain policy periods.

95.     The allegations of the Litigation Matter assert a claim for breach of contract, breach of warranty, breach of contract to procure insurance coverage and seeks as damages the costs of repairing and replacing defective construction.

96.     Claims for breach of contract, breach of warranty, breach of contract to procure insurance coverage and for the costs of repairing and replacing defective construction are not claims for "property damage" caused by an "occurrence" as those terms are defined in each of the general liability insurance policies issued by Atain.

97.     No evidence has been disclosed to indicate that any damage complained of occurred during any of the policy periods of the Atain policies issued to the Atain named insureds.

98.     The claims for breach of contract, breach of warranty, breach of contract to procure insurance coverage and the costs of repairing and replacing defective construction do not assert a claim for "property damage" caused by an "occurrence", none of the insuring agreements contained in the Atain policies issued to the Atain Named Insureds are triggered.

99.     The claims for breach of contract, breach of warranty, breach of contract to procure insurance coverage and the costs of repairing and replacing defective construction do not assert a claim for "property damage" occurring during any Atain policy period and of the insuring agreements contained in the Atain policies issued to the Atain Named Insureds are triggered.

100.    Because the claims asserted in the Litigation Matter fail to trigger the Atain policy insuring agreements, there is no insurance coverage available to the Atain Named Insureds and/or Blue Ribbon.

4831-8193-2501, v. 3

**WHEREFORE**, Atain seeks a judgment ordering, declaring and adjudicating that:

a.        Atain is not obligated to defend and/or indemnify Defendants A&A Construction, C&A Construction, Brothers All Roofing and Benito O Roofing, and Blue Ribbon, or to pay any judgment, settlement, verdict or other award in Litigation Matter; and

b.        Such other, different and further relief as the Court may deem just and proper.

## SECOND CAUSE OF ACTION AGAINST DEFENDANTS A&A CONSTRUCTION; BROTHERS ALL ROOFING; BENITO O ROOFING; C&A CONSTRUCTION COMPANY; BLUE RIBBON ROOFING AND SIDING

### (The Policy Exclusion For "Expected or Intended Injury")

101.    The Plaintiff repeats and realleges each of the allegations set forth in the prior paragraphs as if set forth at length herein.

102.    Coverage A, Exclusion 2(a) ("Expected or Intended Injury") is directly applicable to negate any insurance coverage obligation for claims seeking damages for breach of contract, breach of warranty, and breach of contract to procure insurance coverage and for the costs of repairing and replacing defective construction.

103.    The claims asserted in the Litigation Matter are excluded from coverage by operation of Coverage A, Exclusion 2(a) ("Expected or Intended Injury") and there is no insurance coverage available to the Atain Named Insureds and/or Blue Ribbon.

**WHEREFORE**, Atain seeks a judgment ordering, declaring and adjudicating that:

a.        Atain is not obligated to defend or indemnify Defendants A&A Construction, C&A Construction, Brothers All Roofing and Benito O Roofing, and Blue Ribbon, or to pay any judgment, settlement, verdict or other award in Litigation Matter; and

b.        Such other, different and further relief as the Court may deem just and proper.

## THIRD CAUSE OF ACTION AGAINST DEFENDANTS A&A CONSTRUCTION; BROTHERS ALL ROOFING; BENITO O ROOFING; C&A CONSTRUCTION COMPANY; BLUE RIBBON ROOFING AND SIDING
### (The Policy Exclusion For "Contractual Liability")

104.    The Plaintiff repeats and realleges each of the allegations set forth in the prior paragraphs as if set forth at length herein.

105.    Coverage A, Exclusion 2(b) ("Contractual Liability") as amended by endorsement is directly applicable to negate any insurance coverage obligation for claims seeking contractual indemnity.

106.    The claims for contractual indemnity asserted in the Litigation Matter are excluded from coverage by operation of Coverage A, Exclusion 2(b) ("Contractual Liability"), as amended by endorsement and there is no insurance coverage available to the Atain Named Insureds and/or Blue Ribbon.

**WHEREFORE**, Atain seeks a judgment ordering, declaring and adjudicating that:

a.    Atain is not obligated to defend or indemnify Defendants A&A Construction, C&A Construction, Brothers All Roofing and Benito O Roofing, and Blue Ribbon, or to pay any judgment, settlement, verdict or other award in Litigation Matter; and

b.    Such other, different and further relief as the Court may deem just and proper.

### FOURTH CAUSE OF ACTION AGAINST DEFENDANTS A&A CONSTRUCTION; BROTHERS ALL ROOFING; BENITO O ROOFING; C&A CONSTRUCTION COMPANY; BLUE RIBBON ROOFING AND SIDING (The Policy Exclusion "Damage To Property")

107.    The Plaintiff repeats and realleges each of the allegations set forth in the prior paragraphs as if set forth at length herein.

108.    Coverage A, Exclusions 2(j)(5) and 2(j)(6) ("Damage To Property") are directly applicable and negate any insurance coverage obligation for claims seeking damages to that particular part of any property upon which the Atain Named Insureds and/or Blue Ribbon were performing operations.

109.    The claims in the Litigation Matter seek damages for injury to those particular parts of the Project upon which the Atain Named Insureds and/or Blue Ribbon were performing operations

52

and there is no coverage by operation of Coverage A, Exclusions 2(j) (5) and 2(j) (6) ("Damage to Property") and there is no insurance coverage available to the Atain Named Insureds and/or Blue Ribbon.

**WHEREFORE**, Atain seeks a judgment ordering, declaring and adjudicating that:

a.      Atain is not obligated to defend or indemnify Defendants A&A Construction, C&A Construction, Brothers All Roofing and/or Benito O Roofing, and Blue Ribbon, or to pay any judgment, settlement, verdict or other award in Litigation Matter; and

b.      Such other, different and further relief as the Court may deem just and proper.

### FIFTH CAUSE OF ACTION AGAINST DEFENDANTS A&A CONSTRUCTION; BROTHERS ALL ROOFING; BENITO O ROOFING; C&A CONSTRUCTION COMPANY; BLUE RIBBON ROOFING AND SIDING (The Policy Exclusion -"Your Product")

110.    The Plaintiff repeats and realleges each of the allegations set forth in the prior paragraphs as if set forth at length herein.

111     Coverage A, Exclusions 2(k) ("Your Product") is directly applicable and negate any insurance coverage obligation for claims seeking damages for breach of contract, breach of warranty and/or claims for the costs of repair and or replacement of defective work asserted in the Litigation Matter against the Atain Named Insureds and/or Blue Ribbon.

112.    The Litigation Matter seeks damages for breach of contract, breach of warranty and claims for the costs of repair and or replacement of defective work, which are excluded from coverage by operation of Coverage A, Exclusions 2(k) ("Your Product") and there is no insurance coverage available to the Atain Named Insureds and/or Blue Ribbon.

**WHEREFORE**, Atain seeks a judgment ordering, declaring and adjudicating that:

a.      Atain is not obligated to defend or indemnify Defendants A&A Construction, C&A Construction, Brothers All Roofing and Benito O Roofing, and Blue Ribbon, or to pay any judgment, settlement, verdict or other award in Litigation Matter; and

b.      Such other, different and further relief as the Court may deem just and proper.

4831-8193-2501, v. 3

**SIXTH CAUSE OF ACTION AGAINST DEFENDANTS
A&A CONSTRUCTION; BROTHERS ALL ROOFING; BENITO O ROOFING; C&A
CONSTRUCTION COMPANY; BLUE RIBBON ROOFING AND SIDING
(The Policy Exclusion "Your Work")**

113.     The Plaintiff repeats and realleges each of the allegations set forth in the prior paragraphs as if set forth at length herein.

114.     Coverage A, Exclusions 2(l) ("Your Work") is directly applicable and negate any insurance coverage obligation for claims seeking damages for breach of contract, breach of warranty and/or claims for the costs of repair and or replacement of defective work asserted in the Litigation Matter against the Atain Named Insureds and/or Blue Ribbon.

115.     Because the claims in the Litigation Matter seeking damages for breach of contract, breach of warranty and/or claims for the costs of repair and or replacement of defective work and are excluded from coverage by operation of Coverage A, Exclusions 2(k) ("Your Work") and there is no insurance coverage available to the Atain Named Insureds and/or Blue Ribbon.

**WHEREFORE**, Atain seeks a judgment ordering, declaring and adjudicating that:

a.       Atain is not obligated to defend or indemnify Defendants A&A Construction, C&A Construction, Brothers All Roofing and/or Benito O Roofing, and Blue Ribbon, or to pay any judgment, settlement, verdict or other award in Litigation Matter; and

b.       Such other, different and further relief as the Court may deem just and proper.

**SEVENTH CAUSE OF ACTION AGAINST DEFENDANTS
A&A CONSTRUCTION; BROTHERS ALL ROOFING; BENITO O ROOFING; C&A
CONSTRUCTION COMPANY; BLUE RIBBON ROOFING AND SIDING
(The Policy Endorsement "Continuous and Progressive Injury Limitation")**

116.     The Plaintiff repeats and realleges each of the allegations set forth in the prior paragraphs as if set forth at length herein.

117.     Upon information and belief, the damages claimed in the litigation matter were known prior to the inception of the Atain policies.

118.   The policy endorsement for "Continuous and Progressive Injury" is directly applicable and negates any insurance coverage obligation for claims seeking recovery for damages that were known to anyone prior to the effective date or after the expiration of the Atain policies to which the endorsement is attached, even if there is repeated or continued exposure that causes damage during the Atain policy periods.

119.   The claims in the Litigation Matter seek recovery for damages that were known prior to the effective dates of the various Atain policies and there is no insurance coverage for such damage claims by operation of the Continuous and Progressive Injury Limitation endorsement.

**WHEREFORE**, Atain seeks a judgment ordering, declaring and adjudicating that:

a.   Atain is not obligated to defend or indemnify Defendants A&A Construction, C&A Construction, Brothers All Roofing and/or Benito O Roofing, and Blue Ribbon, or to pay any judgment, settlement, verdict or other award in Litigation Matter; and

b.   Such other, different and further relief as the Court may deem just and proper.

### EIGHTH CAUSE OF ACTION AGAINST DEFENDANTS A&A CONSTRUCTION; BROTHERS ALL ROOFING; BENITO O ROOFING; C&A CONSTRUCTION COMPANY; BLUE RIBBON ROOFING AND SIDING (The Policy Exclusion "Fungi and Bacteria")

120.   The Plaintiff repeats and realleges each of the allegations set forth in the prior paragraphs as if set forth at length herein.

121.   Upon information and belief, the damage claims asserted in the litigation matter include claims for damages caused by  mold, fungi, bacteria or the byproducts thereof, including the costs of testing for and/or remediation of such substances.

122.   The Policy endorsement "Fungi and Bacteria" exclusion is directly applicable and negates any insurance coverage obligation for claims asserted in the Litigation Matter against the Atain named insureds and/or Blue Ribbon seeking damages for mold, fungi, bacteria or the byproducts thereof, including the costs of testing for and/or remediation of such substance.

4831-8193-2501, v. 3

123.    Because the claims in the Litigation Matter seeking damages for mold, fungi, bacteria or the byproducts thereof, including the costs of testing for and/or remediation of such substance, are excluded from coverage by operation of the Fungi & Bacteria Exclusionary Endorsement there is no insurance coverage available to the Atain Named Insureds and/or Blue Ribbon under any policy to which this endorsement is attached.

**WHEREFORE**, Atain seeks a judgment ordering, declaring and adjudicating that:

a.      Atain is not obligated to defend or indemnify Defendants A&A Construction, C&A Construction, Brothers All Roofing and/or Benito O Roofing, and Blue Ribbon, or to pay any judgment, settlement, verdict or other award in Litigation Matter seeking recovery for damages because of mold, fungi, bacteria or the byproducts thereof, including the costs of testing for and/or remediation of such substance; and

b.      Such other, different and further relief as the Court may deem just and proper.

## NINTH CAUSE OF ACTION DEFENDANTS A&A CONSTRUCTION; BROTHERS ALL ROOFING; BENITO O ROOFING; C&A CONSTRUCTION COMPANY; BLUE RIBBON ROOFING AND SIDING (The Policy Exclusion for "Exterior Insulation and Finish Systems" ("EFIS"))

124.    The Plaintiff repeats and realleges each of the allegations set forth in the prior paragraphs as if set forth at length herein.

125.    Upon information and belief, the Litigation Matter seeks damages to exterior components, fixtures or features of structures that are clad in whole or in part by an "exterior insulation and finish system."

126.    The Policy exclusionary endorsement for "Exterior Insulation and Finish Systems" ("EIFS") is directly applicable and negates any insurance coverage obligation for claims asserted in the Litigation Matter against the Atain named insureds and/or Blue Ribbon seeking damages to any exterior component, fixture or feature of any structure if an "exterior insulation and finish system" is used on any part of that structure..

127.     Because the claims in the Litigation Matter seeking damages for exterior components, fixtures or features of structure that are clad by an "Exterior Insulation and Finish System" ("EFIS") are excluded from coverage by operation of the Exterior Insulation and Finish Systems Exclusionary Endorsement there is no insurance coverage available to the Atain Named Insureds and/or Blue Ribbon under any policy to which this endorsement is attached for such damage claims.

**WHEREFORE**, Atain seeks a judgment ordering, declaring and adjudicating that:

a.     Atain is not obligated to defend or indemnify Defendants A&A Construction, C&A Construction, Brothers All Roofing and Benito O Roofing, and Blue Ribbon, or to pay any judgment, settlement, verdict or other award in Litigation Matter seeking recovery for damages to exterior components, fixtures or features of structures where the structure is clad in whole or in part by an "exterior insulation and finish system; and

b.     Such other, different and further relief as the Court may deem just and proper.

### TENTH CAUSE OF ACTION AGAINST DEFENDANTS A&A CONSTRUCTION; BROTHERS ALL ROOFING; BENITO O ROOFING; C&A CONSTRUCTION COMPANY; BLUE RIBBON ROOFING AND SIDING
(**Additional Insured -Lack of Additional Insured Status of Blue Ribbon**)

128.     The Plaintiff repeats and realleges each of the allegations set forth in the prior paragraphs as if set forth at length herein.

129.     Each Atain policy to which an additional insured endorsement is appended only extends additional insured insurance coverage when Atain's named insured and "such a person or organization have agreed in writing in a contract or agreement that such person or organization be added as an additional insured" on the Atain policy.

130.     Neither Benito O Roofing nor C&A Construction have entered into a written contract with Blue Ribbon.

131.     Neither the "Subcontractor Agreement" nor the "Indemnity & Insurance Agreement" executed by A&A Construction and Brother's All Roofing contains an obligation to procure additional insured insurance coverage for the benefit of Blue Ribbon.

4831-8193-2501, v. 3

132.    Blue Ribbon does not qualify as an additional insured by the express terms of each additional insured endorsement appended to the Atain policies issued to the Atain Named Insureds.

133.    Blue Ribbon does not qualify as an additional insured on any Atain policy issued to the Atain Named Insureds that does not include an additional insured endorsement.

134.    As Blue Ribbon does not qualify as an additional insured, Atain has no insurance coverage obligation to Blue Ribbon under the Atain policies issued to the Atain Named Insureds.

**WHEREFORE**, Atain seeks a judgment ordering, declaring and adjudicating that:

a.      Atain is not obligated to defend or indemnify Blue Ribbon, or to pay any judgment, settlement, verdict or other award in Litigation Matter; and

b.      Such other, different and further relief as the Court may deem just and proper.

### ELEVENTH CAUSE OF ACTION AGAINST DEFENDANTS A&A CONSTRUCTION; BROTHERS ALL ROOFING; BENITO O ROOFING; C&A CONSTRUCTION COMPANY; BLUE RIBBON ROOFING AND SIDING (Additional Insured – "Completed Operations")

135.    The Plaintiff repeats and realleges each of the allegations set forth in the prior paragraphs as if set forth at length herein.

136.    Each Atain policy to which an additional insured endorsement is appended only extends additional insured insurance coverage during the period of the ongoing operations of Atain's named insureds.

137.    Any additional insured insurance coverage provided ends when Atain's operations for the claimed additional insured are complete.

138.    To the extent that Blue Ribbon contends it is an additional insured (which Atain denies) any coverage for Blue Ribbon as an additional insured terminated upon the completion of Atain's named insured's work for Blue Ribbon.

139.    Upon information and belief, the damages claimed in the Litigation Matter seeking recovery for damages that occurred after Atain's named insureds had completed their work for Blue Ribbon

4831-8193-2501, v. 3

140.    Any coverage for Blue Ribbon as an additional insured terminated before the damage complained of in the Litigation Matter occurred, consequently there is no insurance coverage for Blue Ribbon for the claims asserted against it in the Litigation Matter.

**WHEREFORE**, Atain seeks a judgment ordering, declaring and adjudicating that:

a.    Atain is not obligated to defend or indemnify Blue Ribbon, or to pay any judgment, settlement, verdict or other award in Litigation Matter; and

b.    Such other, different and further relief as the Court may deem just and proper.

### TWELFTH CAUSE OF ACTION AGAINST DEFENDANTS
### A&A CONSTRUCTION; BROTHERS ALL ROOFING; BENITO O ROOFING; C&A
### CONSTRUCTION COMPANY; BLUE RIBBON ROOFING AND SIDING
### (Additional Insured – "Work Put To Its Intended Use")

141.    The Plaintiff repeats and realleges each of the allegations set forth in the prior paragraphs as if set forth at length herein.

142.    Each additional insured endorsement appended to the Atain policies issued to the Atain named insureds excludes coverage property damage occurring after all work on the Project (other than service, maintenance or repairs) to be performed by or on behalf of the additional insured has been completed; or that portion of the Atain named insureds' work out of which the damage arose had been put to its intended use by any person.

143.    Upon information and belief, the damage complained of in the Litigation Matter occurred after all work on the Project (other than service, maintenance or repairs) to be performed by or on behalf of Blue Ribbon was completed, and the work of the Atain named insureds had been put to its intended use by others.

144.    To the extent that Blue Ribbon contends it is an additional insured (which Atain denies) any insurance coverage for Blue Ribbon as an additional insured was excluded by operation of the exclusions in paragraph (b)(1) and b(2) found in each additional insured endorsement appended to an Atain policy issued to the Atain named Insureds

**WHEREFORE**, Atain seeks a judgment ordering, declaring and adjudicating that:

4831-8193-2501, v. 3

a.      Atain is not obligated to defend or indemnify Blue Ribbon, or to pay any judgment, settlement, verdict or other award in Litigation Matter; and

b.      Such other, different and further relief as the Court may deem just and proper.

## THIRTEENTH CAUSE OF ACTION
### (Interested Parties)

145.    The Plaintiff repeats and realleges each of the allegations set forth in the prior paragraphs as if set forth at length herein.

146.    The parties are joined herein as Defendants in order that he be bound by the judgment of this Court as they each have an interest in the presence or absence of insurance coverage for the Defendants A&A Construction, C&A Construction, Brothers All Roofing and Benito O Roofing, and Blue Ribbon in connection with the claims asserted against them in the Litigation Matter.

**WHEREFORE**, Atain seeks a judgment ordering, declaring and adjudicating that:

a.      Atain is not obligated to defend or indemnify the Defendants A&A Construction, C&A Construction, Brothers All Roofing and/or Benito O Roofing, and Blue Ribbon, or to pay any judgment, settlement, verdict or other award in Litigation Matter; and

b.      Such other, different and further relief as the Court may deem just and proper.

## JURY DEMAND

The Plaintiff herein demands a trial by jury.

Dated: February 9, 2021

By: _____*s/Joseph DeDonato*_____
Joseph DeDonato, Esq. (JD7319)
BENNETT, BRICKLIN & SALTZBURG LLC
651 Old Mt. Pleasant Avenue, Suite 270
Livingston, NJ  07039
P: (973) 888-2181/ F: (973) 486-6157
Email: Joseph.DeDonato@bbs-law.com
Attorneys for Plaintiff,
Atain Specialty Insurance Company